[Civ. No. 9889.   Third Dist.   May 31, 1960.]

GERALD F. RAUB et al., Appellants, v. MERALD E. LEE et al., Respondents.

James G. Changaris for Appellants.

Gray & Hewitt for Respondents.

SCHOTTKY, J.—Gerald F. Raub and Minnie M. Raub appeal from an adverse judgment in an action brought by them to recover on two promissory notes.

In May, 1955, the Raubs conveyed certain real property known as Lot 18 of the Oakdale Tract in Sutter County to the Lees. The Lees paid $450 in cash and a promissory note for

$1,500 was given for the balance. This note was secured by a deed of trust. The Lees borrowed a sum of money from a savings and loan association for the purpose of financing the construction of a dwelling on the property. This loan was also secured by a deed of trust which by agreement had priority over the deed of trust in favor of the Raubs. Thereafter the Lees defaulted in their payments and the savings and loan association caused the property to be sold under the power of sale contained in the deed of trust. The sale did not provide funds to satisfy any part of the note due the Raubs.

On August 4, 1955, the Raubs conveyed to the Lees certain real property known as Lot 29 of the Oakdale Tract for $2,150. The sum of $500 was paid down and the balance was evidenced by a note secured by a deed of trust. On the same day the Lees obtained a loan from a savings and loan association for the purpose of constructing a dwelling on the property. This loan too was secured by a deed of trust which had priority over the deed of trust in favor of the Raubs. The Lees defaulted in their payments and the savings and loan company caused the property to be sold, and again the sale did not provide funds to satisfy any part of the note due the Raubs.

The Raubs then brought this action to recover on the notes. The Lees interposed the defense of section 580b of the Code of Civil Procedure, and after the trial court entered judgment in favor of the Lees the Raubs appealed.

Section 580b of the Code of Civil Procedure reads in part: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property."

In construing section 580b, our Supreme Court said in *Brown* v. *Jensen,* 41 Cal.2d 193, at page 197 [259 P.2d 425] : "The question is, therefore, did plaintiff take a purchase money trust deed on the property when it was purchased? If she did, then section 580b is applicable and she may look only to the security. That is the clear import of the wording of section 580b. The one taking such a trust deed knows the value of his security and assumes the risk that it may become inadequate. Especially does he know the risk where he takes, as was done here, a second trust deed."

One who takes a purchase money trust deed knows the value of his security and assumes the risk that it may become inadequate, especially where he takes a second purchase

money trust deed, and he is precluded by this section from bringing an action on the note after the security has become valueless because of the sale under the prior trust deed. (*Brown* v. *Jensen, supra.*) Appellants seek to distinguish the Brown case because the deed of trust which was foreclosed was for a construction loan. This is of no avail to appellants because clearly their deeds of trust were purchase money trust deeds and clearly they are within the rule of the Brown case.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 27, 1960.

*Assigned by Chairman of Judicial Council.