[Civ. No. 19462.   First Dist., Div. One.   Apr. 6, 1961.]

HENRY E. CHRISTOPHERSON, Respondent, v.
MARTIN T. ALLEN, Appellant.

Arvin O. Robb for Appellant.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Respondent.

BRAY, P. J.—Defendant and cross-complainant Allen appeals from a judgment in favor of plaintiff and cross-defendant Christopherson in the sum of $5,700 principal, plus interest and attorney's fees.

## QUESTION PRESENTED

Is the judgment a deficiency judgment prohibited by section 580b, Code of Civil Procedure?

## RECORD

Plaintiff owned 12 lots, defendant, a boat. They entered into an "Agreement of Exchange" in which plaintiff agreed to exchange his 12 lots at an agreed value of $17,050 and give defendant $4,500 cash, for defendant's boat, agreed value $12,000, 12 promissory notes of $321 each, totaling $3,852, 10 of which were secured by one deed of trust on 10 of the lots, two of which were to be secured by a separate deed of trust on each of the other two lots, and an unsecured note of $5,700. The exchange was made. The following table more clearly shows the transaction:

|  | Items of Exchange. | |
|---|---|---|
|  | Defendant | Plaintiff |
| Boat | $12,000 | |
| Note (unsecured) | 5,700 | |
| Notes (secured by lots) | 3,852 | |
| Lots | | $17.050 |
| Cash | | 4,500 |
|  | $21,552 | $21,550 |

Defendant defaulted on all notes. The deed of trust on the 10 lots was foreclosed. Defendant offers to deed plaintiff the other two lots in satisfaction of the two notes of $321 each. This suit was brought on the $5,700 unsecured note, and, as stated above, plaintiff recovered judgment thereon for principal, interest and attorney's fees.

## WAS THIS A DEFICIENCY JUDGMENT?

Section 580b, Code of Civil Procedure, provides: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete *his contract of sale*, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property. . . ." (Emphasis added.)

Defendant contends that the note was given as a part of the purchase price of the real property, that the transaction was a "contract of sale" of real property under the above section, and hence this was a "deficiency judgment."

Plaintiff contends that the transaction was not a "contract of sale" nor was the $5,700 note a part of the purchase price of the real property, and that, in any event, section 580b does not apply to suits brought to recover on unsecured promissory notes given as part payment of the purchase price of real property.

Of the $5,700 represented by the note, defendant received in cash $4,500. Even under plaintiff's theory the balance of $1,200 at least was a part of the consideration of the $17,050 agreed value of the lots.

The unsecured note states: "This is a personal loan and the undersigned agrees to give as chattel, employment wages and all personal property and equipment." ▇▇▇ Considering the note alone, section 580b would not bar recovery thereon. Purely personal loans obviously do not come within the purview of that section. ▇▇▇ An exchange of properties is regarded for the purposes of the section as a purchase and sale. The court found "that said $5,700.00 promissory note . . . did arise out of the exchange of properties by the parties . . ." (whatever that means!). At least as to $1,200 of the principal of the note, the section would apply *if* the section applies to unsecured notes given in payment of the purchase price of real property. ▇▇▇ We are of the opinion that unsecured notes are not embraced by the section. The section expressly limits its application to a "contract of sale . . . deed of trust . . . mortgage, given to secure payment of the balance of the purchase price of real property . . ." Obviously an unsecured note is neither a deed of trust nor a mortgage. ▇▇▇ A "contract of sale" necessarily requires that the seller retain title until the purchase price is paid or some other agreed-upon contingency occurs. If the title passes then the transaction is a "sale." (See 9 Words and Phrases [permanent edition] 571; *Caras* v. *Parker*, 149 Cal.App.2d 621 [309 P.2d 104].) Here the title to the real property passed to defendant and that to the boat passed to plaintiff, so there definitely was a sale.

▇▇▇ Section 580b, by its terms refers only to security transactions, that is, where the seller is secured for the payment of the purchase price by the property sold. We can find no intention of the Legislature either to prohibit the payment

for real property by an unsecured note, or to limit the recovery on such note to the value of the property itself at the time of suit on the note.

▪ Defendant points out that a seller who takes an unsecured note in addition to secured notes for the purchase price of his property could recover the entire purchase price which he might not recover if limited to the foreclosure of the security, and therefore, he contends, that if the excess received over the amount obtained at the foreclosure is not considered a deficiency judgment under section 580b, taking an unsecured note as a part of the purchase price of real property might become a device to avoid the application of the section. There are three answers to that: (1) The Legislature has not seen fit to consider unsecured portions of the purchase price of real property as being within the purview of the section. (2) The "device" can only exist if the purchaser is willing to adopt that method of purchasing the property. (3) A seller who takes unsecured notes for the purchase price, is taking his chance as to whether, if the notes are defaulted, he may be able to collect any judgment he may obtain on the notes. The buyer, immediately upon purchasing the property, may dispose of it; if he does that, he may have no assets which could be attached when the notes become due. Hence, as a "device," the procedure would be a rather dangerous one.

The question we are concerned with has never been passed upon in this state. In an article on *Contracts for the Benefit of Third Persons in California,* 27 California Law Review 497, Professor Stephen I. Langmaid states in passing, "While it is not our purpose here to discuss the policy of the legislation [Code Civ. Proc., § 580b], it may be mentioned that it does not apply where the seller conveys without taking back a mortgage, but receives a note unsecured or secured by personal property . . ." (P. 533, f.n. 138.) This was written in 1939, prior to the addition of the following language now in the section: "Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof." Thus, the statement by Professor Langmaid, "or secured by personal property," is not true today. ▪ However, it is significant that the Legislature apparently agreed with the professor that a note secured by personal property was not embraced in the section, and amended the section to bring such note within it.

It is further significant that although the Legislature amended the section in this particular it did not see fit to bring unsecured notes within the section.

In his dissenting opinion in *Brown* v. *Jensen,* 41 Cal.2d 193, 201 [259 P.2d 425], Mr. Justice Spence assumes that section 580b does not apply to an unsecured note for in commenting on the construction of that section in another respect he states that to construe it and section 580d as applying to an unsecured note "results in placing the holder of a purchase money note secured by a second deed of trust in a less favorable position *than the holder of an unsecured note given for such purchase money.*" (Emphasis added.) Moreover, the majority opinion indicates (although the point was not before it) that the court felt that section 580b applies only to situations where purchase money security is involved, for the court said: "The question is, therefore, did plaintiff take a purchase money trust deed on the property when it was purchased? *If she did, then section 580b is applicable and she may look only to the security. That is the clear import of the wording of section 580b.*" (P. 197; emphasis added. See also *Raub* v. *Lee* (1960), 181 Cal.App.2d 529 [5 Cal.Rptr. 444].)

In this case there is the unusual situation that the unsecured note included $4,500 which could only be a loan since the agreed value of the real property to be exchanged was $17,050 and the total consideration which defendant was giving was $21,552, which equalled the $17,050 valuation plus the $4,500 cash delivered by plaintiff to defendant.* In this situation it is inconceivable that the parties considered that, in the event of default, plaintiff was to be limited in his recovery of the consideration advanced by him to the returns from foreclosure of the deeds of trust.

The court properly found that recovery on the unsecured note would not constitute a deficiency judgment.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied April 24, 1961.

---

*Actually the total consideration exchanged by defendant was $2.00 more than the total consideration exchanged by plaintiff. No one has explained this difference, but the parties seem to consider it of no importance.