[Civ. No. 7313.   Fourth Dist.   May 18, 1964.]

JAMES N. GATES et al., Plaintiffs and Appellants, v. FRANK D. SCHUSTER et al., Defendants and Respondents.

Marshall Miles for Plaintiffs and Appellants.

Elliot N. Yearsley for Defendants and Respondents.

BROWN (Gerald), J.—Plaintiffs James N. Gates and Katherine Gates appeal from a judgment against Frank D. Schuster et al. which foreclosed defendants' interest in real property, but denied plaintiffs a deficiency in their action on a promissory note secured by a trust deed.

For $17,000 plaintiffs sold defendants a parcel of real property, a lease, warehouse buildings on the leased property, licenses, franchises and other personal property, all relating to a beer distribution business. No allocation was made respecting the value of any of the items sold. Plaintiffs received $3,500 cash and a promissory note for $13,500 secured by a trust deed on the real property. Defendants made two $200 payments and defaulted. Plaintiffs then sued on the note and security, praying judgment for the amount due, for a sale of the real property, with application of the proceeds

on the amount due, and for a deficiency judgment as to any remaining sum due. Defendants admitted the execution of the note and trust deed, and alleged the trust deed was a purchase money trust deed, and that any deficiency judgment was barred by Code of Civil Procedure, section 580b. The trial court found the value of the real property alone was $3,000, gave judgment for plaintiffs in the amount prayed, and decreed foreclosure of defendants' interest in the real property, after which satisfaction of judgment was ordered, with no deficiency.

Plaintiffs have appealed from that portion of the judgment which denies them a deficiency after sale of the real property. They contend Code of Civil Procedure, section 580b is not applicable for the reason that the transaction involved both real and personal property. Their position lacks merit. The contract provided solely for a note secured by a trust deed on certain real property. The real property was a portion of what was bought and sold by the parties for one indivisible price. There was no provision for security covering the items of personal property. Considering defendants' default, the plaintiffs have achieved in this action precisely that for which they contracted.

*Christopherson* v. *Allen,* 190 Cal.App.2d 848 [12 Cal.Rptr. 658], is not helpful to plaintiffs. In that case the note on which suit was brought was a personal, unsecured note and was held, therefore, not to come within Code of Civil Procedure, section 580b. In the instant case the plaintiffs contracted to forego security on all but the real property sold. See *Brown* v. *Jensen,* 41 Cal.2d 193 [259 P.2d 425] ; *Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463] ; *Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]. To permit a deficiency judgment here would invite evasion of the statute.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.