[Civ. No. 8154. Fourth Dist., Div. One. Jan. 6, 1967.]

JONATHAN MANOR, INC., Plaintiff and Appellant, v. ARTISAN, INC., et al., Defendants and Respondents.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Rubin, Seltzer & Solomon and Robert Caplan for Plaintiff and Appellant.

Donald Jay Solomon for Defendants and Respondents.

WHELAN, J.—Plaintiff appeals from a judgment denying recovery on a promissory note, which was one of four in identical amount executed on January 17, 1963, by defendant corporation (Artisan) and defendants Smith (Smiths) and taken by plaintiff as part-payment for 52 subdivided lots that concurrently were transferred by plaintiff to Artisan.

The four notes were delivered in escrow under written instructions signed by Artisan and the Smiths that in three different places spoke of the notes as ''unsecured.''

Each of the four notes contained the provision that additionally to monthly installments of $250, there should be made a payment of $500 upon the conveyance of any one of the 52 lots described therein by lot number and subdivision. The notes bore no certificate of acknowledgment that would have permitted them to be recorded, and were not recorded.

Some five months after the notes were executed, plaintiff wished to sell three of them to a buyer who desired security.

Artisan at that time executed a trust deed covering the 52 lots to secure the three notes to be sold by plaintiff. In transmitting the trust deed to plaintiff, Artisan wrote: ''This Deed of Trust shall only be considered effective and delivered concurrently with the transfer of the three (3) Promissory Notes to be secured thereby to JOYCE BRANNING VANDERBILT, and not otherwise. In other words, if the three (3) Promissory Notes are not transferred to JOYCE BRANNING VANDERBILT on or before ninety (90) days from date, then this Trust Deed shall not be considered delivered as between us and shall be cancelled. If said Promissory Notes are so transferred within said time, then this Trust Deed may be recorded and considered delivered.''

This action is upon the fourth note, which had not been assigned by plaintiff.

The court made the following findings: ''2. On or about January 17, 1963, Defendants made, executed and delivered to Plaintiff their promissory note in writing in the principal sum of $32,574.97, which said promissory note was payable

in monthly installments of $250.00, including interest at seven per cent (7%) per annum, and that additional payments of $500.00 were required by the terms of said promissory note upon the conveyance of any of the following parcels of property: Lots 1, 3, 4, 5, 6, 9, 10, 12, 13, 15, 18, and 20 of Valle Del Norte Unit No. 1 and Lots 22 to 38 inclusive and 40 to 62 inclusive of Valle Del Norte Unit No. 2.

"3. Said promissory note was executed pursuant to escrow instructions executed by Plaintiff as seller and Defendant ARTISAN, INC. as buyer, as a portion of the purchase price of said fifty-two (52) subdivision lots. Upon the close of said escrow, the fifty-two lots were conveyed by grant deed executed by Plaintiff in favor of Defendant ARTISAN, INC.

". . . . . . . .

"6. Defendants ED W. SMITH and ENID M. SMITH executed said promissory note as principals and not as guarantors."

Upon the basis of these findings, the court concluded: "1. Said promissory note constitutes an equitable mortgage upon said fifty-two (52) lots in that the property itself was serving directly as a security for the payment of a portion of the balance due on the purchase price of the property, and is within the purview of the provisions of Section 580b of the Code of Civil Procedure."

Judgment was in favor of defendants.

Reformation was not sought of either the note sued upon or of the trust deed given to secure the other three notes.

The sole issues are of law, (a) whether the note upon its face, in light of the admitted fact that it was given in part payment of the purchase price of real property, was a deed of trust or mortgage given to secure such payment, within the meaning of section 580b, Code of Civil Procedure; (b) whether the Smiths signed the note as additional security.

Was the note an equitable mortgage? No, unless it is made so by the provision that $500 shall be paid "upon the conveyance of any one of the parcels" described therein. ■ That a note otherwise unsecured has been given as a part of the purchase price of real property does not make it subject to the provisions of section 580b. (*Christopherson* v. *Allen,* 190 Cal.App.2d 848 [12 Cal.Rptr. 658].)

■ The inclusion in an otherwise unsecured note given in payment of the purchase of real property of a condition that a payment on the note shall become due upon the sale of a portion of the property does not serve to convert the note

into an equitable mortgage. Title to the property had passed to the maker of the note; no act of release was called for from the payee of the note; it was within the power of the maker of the note to convey all the property free of any lien in favor of the payee.

There is inconsistency in holding that the note is a mortgage and that it cannot be enforced against the purchaser of the real property beyond the security of the mortgage, and at the same time holding that the signatures of the Smiths were not placed on the note as additional security. Since their signatures as individuals were not necessary to the validity of the note as a mortgage, if it were such, one may ask why did they sign as individuals? (See *Engelman* v. *Gordon*, 242 Cal.App.2d 510, 514 [51 Cal.Rptr. 627].)

As between plaintiff and the Smiths, they were liable as principals with Artisan. As between Artisan and themselves, they might have a different status. However, since they were respectively president and secretary of Artisan, they did not in their individual capacities necessarily sign as accommodation makers, as contended by plaintiff. (*Gardiner* v. *Holcomb*, 82 Cal.App. 342, 353 [255 P. 523].)

If Smiths would have been entitled to reimbursement from Artisan in the event they had paid the note, they would have been sureties. As such they would not have been protected by reason of the provisions of section 580b, Code of Civil Procedure. (*Heckes* v. *Sapp*, 229 Cal.App.2d 549, 553 [40 Cal. Rptr. 485]; *Engelman* v. *Gordon, supra*, 242 Cal.App.2d 510; *Lange* v. *Aver*, 241 Cal.App.2d 793 [50 Cal.Rptr. 847]; cf. *Stephenson* v. *Lawn*, 155 Cal.App.2d 669 [318 P.2d 132].)

A resolution of this issue is unnecessary because of our holding that the note sued upon was not an equitable mortgage.

The amount unpaid under the note as agreed upon has been fixed by the findings. No amount has been fixed for attorney's fees.

The judgment is reversed and the case remanded to the trial court with directions to enter judgment for plaintiff against all defendants for $32,007.68 with interest at seven percent per annum from November 28, 1963, for costs, and for attorney's fees in the amount to be fixed by the court.

Brown (Gerald), P. J., and Coughlin, J., concurred.