[Civ. No. 23520.   First Dist., Div. Three.   Apr. 13, 1967.]

VAN VLECK REALTY et al., Plaintiffs and Appellants, v. FRANK L. GAUNT et al., Defendants and Respondents.

Volney J. Tidball for Plaintiffs and Appellants.

Berns & Steinberg and Bertram M. Berns for Defendants and Respondents.

DRAPER, P. J.—The question on this appeal is whether an anti-deficiency statute (Code Civ. Proc., § 580b) bars recovery on an unsecured note given as part of the purchase price of land. This section proscribes deficiency judgment after sale of land under a deed of trust given to the vendor to secure payment of the balance of its purchase price.

In 1962, defendants agreed to purchase some 140 acres from plaintiffs Givenco. Purchase price was $185,000, $50,000 to be proceeds of loan from Pioneer Savings and Loan Association, secured by first deed of trust; $116,350 by note to Givencos secured by second deed of trust on the property; and $18,650 in cash. Only $3,650 in cash was paid by buyers, and $15,000 of the down payment was made by an unsecured note payable to plaintiff Van Vleck Realty, a corporation, and to plaintiffs Givenco. Of this, $11,100 was apportioned to Van Vleck in

payment of its commission as real estate broker, and $3,900 to plaintiffs Givenco. Defendants failed to pay the unsecured note, and this action upon it was filed in March 1963. In June 1963, defendants were in default on the note secured by the second deed of trust. In place of exercising their power of sale, Givencos accepted deed from defendants and returned the second deed of trust and the $116,350 note to them. The $15,000 note was not included as a part of that settlement, and this action was tried.

The trial court found as a fact that the $15,000 note was unsecured. This finding is strongly supported by the evidence. Nonetheless, the court concluded that as a matter of law the note was "a part of the obligation secured" by the second deed of trust, and that recovery upon it was barred by section 580b. Judgment was for defendants, and plaintiffs appeal.

The trial court considered this result dictated by a 1963 decision (*Bargioni* v. *Hill*, 59 Cal.2d 121 [28 Cal.Rptr. 321, 378 P.2d 593]). But the resemblance of the facts of that case to those here is but superficial. In *Bargioni*, as here, the real estate broker accepted a note from the buyers for his commission, and relieved the seller of the obligation to pay that commission. But in *Bargioni*, the note to the broker was secured by a junior deed of trust upon the land sold. The rationale of the decision is that the broker partially financed the purchase, and secured his advance for that purpose by deed of trust on the land bought. Here the broker's note is wholly unsecured.

A decision filed shortly before *Bargioni* (*Roseleaf Corp.* v. *Chierighino*, 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]) deals with a case in which the vendor took, as the sale price, a note secured by deed of trust on the property sold and, in addition, three other notes, each secured by second deed of trust upon other real property owned by the buyer. The latter properties were sold under powers of sale contained in the first trust deeds, and the seller sued upon the three notes. Judgment for plaintiff seller was affirmed.

*Roseleaf* points out (59 Cal.2d at p. 42) that section 580b discourages overvaluing of security by placing the risk of inadequate security on the purchase money mortgagee, and discourages precarious land promotion schemes because the security value of the land gives purchasers a clue as to its true market value. These purposes, however, are served if the section applies only to secured transactions, and offer no reason to extend it to the unsecured note here in issue.

Another purpose is to provide a stabilizing factor by preventing the aggravation of a downturn in values which would result if defaulting purchasers were burdened with large personal liability (*id.*). But the statutory limitation applies only after sale under some security device.

■ We find no reason to extend the limitation to an unsecured note even though given as a part of the purchase price. Such a note seems to us indistinguishable, so far as concerns application of section 580b, from the notes considered in *Roseleaf,* which were given as part of the purchase price, and were secured by liens upon property other than that which was the subject of the sale. The seller here asserts no vendor's lien. Even if he did, he left the buyer free to deprive him of such lien by negotiating the note to a holder in due course. It is true that this leaves open the possibility of an inflated price for land, but the limited security still affords later purchasers the accurate "clue as to . . . true market value" suggested by *Roseleaf.* Moreover, none of the anti-deficiency statutes (Code Civ. Proc., §§ 580a, 580b, 580d, 726) purports to govern notes which are in fact unsecured.

Decisions squarely in point (*Christopherson* v. *Allen,* 190 Cal.App.2d 848 [12 Cal.Rptr. 658] ; *Jonathan Manor, Inc.* v. *Artisan, Inc.,* 247 Cal.App.2d 651 [56 Cal.Rptr. 14]) reach a result favorable to plaintiffs here (see also *Syrek* v. *Gould,* 244 Cal.App.2d 149 [52 Cal.Rptr. 827]). Like result is strongly recommended in a detailed discussion of the problem (Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1, 19-23).

The trial court found no fraudulent misrepresentation inducing purchase of the land. There is evidence that Givenco resold the land for $125,000 some two months after it was deeded back to him by defendants. But there is no showing whether this price was over and above the $50,000 secured by trust deed to Pioneer, and there is no finding that the $185,000 price to defendants was excessive.

Judgment reversed, with directions to the trial court to enter judgment for plaintiffs.

Salsman, J., and Brown (H. G.), J., concurred.

A petition for rehearing was denied on May 12, 1967, and the following opinion was then rendered:

THE COURT.—Respondents argue that this case is controlled by a 1955 decision (*Freedland* v. *Greco,* 45 Cal.2d 462

[289 P.2d 463]). But that case dealt with a single purchase price balance of $7,000, represented by separate notes, each for $7,000. One note was secured by deed of trust upon a distinct property, and one by chattel mortgage upon the personalty sold. These duplicate notes represented the same consideration —the purchase price of the property sold. In the case at bench, the secured note represented but part of the purchase price, and the unsecured note a separate additional part of the price. It has been noted (Hetland, *supra,* 51 Cal.L.Rev. 1, 34) that "Roseleaf clarified the fact that Freedland did not extend 580d's 'note' to every note but only to those that represent the same consideration . . . the same 'debt' or same 'obligation.' " *Roseleaf* necessarily rejects the implication respondents seek to draw from *Freedland,* and their reliance upon the latter decision is misplaced.

Respondents' petition for a hearing by the Supreme Court was denied June 7, 1967.