[Civ. No. 25152.   First Dist., Div. Four.   July 17, 1969.]

ALVIN R. KINCAID, Plaintiff and Appellant, v. RALPH GOMEZ et al., Defendants and Respondents.

Robert E. Hatch for Plaintiff and Appellant.

Field, DeGoff & Rieman and Robert E. Hunter for Defendants and Respondents.

DEVINE, P. J. — The question in this case is whether defendants, respondents, who are sued on a promissory note, are entitled to the protection of section 580b of the Code of Civil Procedure, the antideficiency judgment statute which applies to purchase money security conveyances.

A written agreement for the sale by plaintiff Kincaid of a parcel of land in Sacramento County was made with "RALPH GOMEZ AND/OR NOMINEE hereinafter referred to as purchaser." The purchase price was $75,000, of which $20,000 was paid in cash, and the purchasers assumed a first deed of trust for about $30,000, which was later paid. A promissory note for $24,787.50 was signed by Ralph Gomez, by Emil Magliocco and by Dolphin Construction Company, a corporation, their nominee for the taking of title. This note is held by plaintiff and is the basis of the present action. At the trial, it was stipulated that Gomez and Magliocco were the actual purchasers of the property. Appellant testified that he considered respondents to be the real debtors because they were going to buy the property.

The note recites that it is secured by a deed of trust. The deed of trust was executed by Dolphin Construction Company, which held the record title upon receiving the conveyance from plaintiff. Kincaid subordinated the deed of trust executed by Dolphin to a deed of trust in favor of a savings and loan association for the proceeds of a construction loan. Default occurred upon the senior lien, the property was sold under power of sale, and plaintiff's security under the Dolphin Construction deed of trust became valueless.

Appellant contends that section 580b is no defense because (1) defendants are not principals but guarantors, and (2) even as makers of the promissory note, since *they* gave no security (the Dolphin company being the sole trustor), the judgment sought against them cannot be considered a deficiency judgment and therefore is not forbidden by section 580b.

If respondents were guarantors, section 580b would not protect them. (*Roberts* v. *Graves*, 269 Cal.App.2d 410, 415 [75 Cal.Rptr. 130]; *Heckes* v. *Sapp*, 229 Cal.App.2d 549, 552-553 [40 Cal.Rptr. 485]; *Jonathan Manor, Inc.* v. *Artisan, Inc.*, 247 Cal.App.2d 651, 654 [56 Cal.Rptr. 14].) But respondents were makers of the promissory note. This distinguishes the case from that of *Heckes* v. *Sapp*, in which the defendants to the action on the note had signed as individual guarantors. In the *Jonathan Manor* case, the question was whether an unsecured note was an equitable mortgage. In deciding that it was not, the court merely referred incidentally to the rule regarding guarantors. In the *Roberts* case, the defendant had signed as guarantor, and extrinsic evidence showed that he had intended his signature to create an independent personal obligation over and above that of the nominee corporation which held title. In *Engelman* v. *Gordon*, 242 Cal.App.2d 510 [51 Cal.Rptr. 627], cited by appellant, the finding was that Gordon was not a purchaser; there was abundant evidence that he was an indorser and not a maker of the note.

In the case before us, the stipulation that respondents were purchasers and their outright signing in the position of makers of the note, the testimony of appellant that he at all times looked to respondents as the real debtors who were the buyers, and the absence of evidence that they were guarantors are factors adequate to sustain the court's finding that respondents signed the note as purchasers.

The fact that the deed of trust was executed by the corporation only, for it alone held title, does not mean that

the note was unsecured on respondents' part, thereby rendering them liable to a personal judgment. Taking the transaction as a whole, and considering that it was contemplated from the beginning that there would be a nominee, that Dolphin Construction Company was the sole nominee, and that the note expressly says that it is secured by a deed of trust, we regard the transaction, as the trial judge did, as a single one.

■ The trial judge, in his memorandum opinion, referred to the case of *Valinda Builders, Inc.* v. *Bissner,* 230 Cal.App. 2d 106 [40 Cal.Rptr. 735], as controlling. Appellant points out that in *Valinda* it was established that the corporation which was organized by the purchasers to take title was shown to be a mere instrumentality used by the buyers for their purposes, and that therefore the purchasers, by signing the note, did no more than promise to pay their own debt. No such showing on an *alter ego* theory was presented in the instant case, says appellant. It is true that the showing was not made explicitly, but the stipulation that respondents were the buyers suffices to show that the obligation was theirs. Following the stipulation, neither party at the trial (which was exceedingly brief) undertook to present evidence as to the structure of the Dolphin Construction Company.

■ Appellant argues that respondent Magliocco is peculiarly vulnerable to the lawsuit because neither his name nor signature appears in the record except as an independent maker of the note. But there is testimony by appellant Kincaid that he had been told by the real estate agent that Magliocco and Gomez were going to buy the property, and, to repeat, it was stipulated that they actually were the buyers.

The essence of the transaction is that of a purchase money note secured by a deed of trust.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied August 11, 1969, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1969.