[Civ. No. 13213. Fourth Dist., Div. Two. May 14, 1974.]

FLORENCE H. SCOTT, Plaintiff and Respondent, v.
FIDELITY DEVELOPMENT COMPANY et al.,
Defendants and Appellants.

## COUNSEL

Reid, Babbage & Coil, Baum & Fenster and Leonard P. Baum for Defendants and Appellants.

Hennigan, Butterwick & Clepper and J. David Hennigan for Plaintiff and Respondent.

## OPINION

**KAUFMAN, J.**—In accordance with the advisory verdict of a jury, the trial court rendered judgment for specific performance of an alleged contract to purchase real property in favor of plaintiff Florence H. Scott (hereinafter plaintiff) and against defendants Dana B. Horn and Fidelity Development Company (hereinafter defendants).

## Essential Facts

Eliminating unnecessary details, the essential facts may be summarized as follows.

As a result of an agreement with her then husband pending dissolution of their marriage, plaintiff became the owner of an undivided one-half interest in certain real property in Riverside County. This property is near Chicago Avenue and is hereinafter referred to as the Chicago property.

Defendants owned a parcel of real property in Riverside County on Indiana Avenue. This property will be referred to hereinafter as the Indiana property.

Defendants wanted to purchase and plaintiff wanted to sell plaintiff's interest in the Chicago property. Plaintiff was not interested in acquiring nor did defendants want to sell the Indiana property. Nevertheless, in December 1964, defendants prevailed upon plaintiff to enter into a complicated real estate transaction by which plaintiff would presently sell to defendants her interest in the Chicago property with payment of substantially all of the purchase price to be deferred until December 29, 1967, plaintiff in the interim to hold title to the Indiana property.

Construing together a sizable number of written instruments (see Civ. Code, § 1642) and taking into consideration the circumstances under which they were executed and the matter to which they related (see Civ. Code, § 1647), the trial court found that plaintiff and defendants had entered into a contract memorialized by writings under which they were to perform as follows: plaintiffs would convey her interest in the Chicago property to defendants; defendants would convey title to the Indiana property to plaintiff; plaintiff would execute a note in the amount of $20,000 bearing interest at 6 percent secured by a deed of trust on a portion of the Indiana property; defendants would pay all interest on the $20,000 and see to it that said note was renewed or extended to December 29, 1967 and would pay or satisfy the same on or before that date and would protect plaintiff and save her harmless from foreclosure or liability on said $20,000 trust deed; on or before December 29, 1967, defendants would "repurchase" the Indiana property from plaintiff on the terms prescribed in escrow number S2749 of Loyal Escrows; and plaintiff would thereupon reconvey to defendants the title to the Indiana property.

The terms for the "repurchase" by defendants of the Indiana property as set forth in Loyal Escrow's escrow number S2749 are as follows: the net "repurchase" price was to be $115,645.84 to be paid $35,000 in cash

and $80,645.84 in the form of a promissory note secured by a "purchase money" deed of trust on subparcels 2 and 3 of the Indiana property; defendants would reacquire clear title to subparcel 1 of the Indiana property in consideration of the cash payment of $35,000.

It is the "repurchase" agreement the trial court purported to order specifically performed. However, the trial court did not in its judgment simply order defendants to pay $35,000 (plus accrued interest) in cash and execute a promissory note and deed of trust for the balance of $80,645.84. By the time of trial, several years had passed since December 29, 1967, and the judgment awards plaintiff as a cash recovery not only the $35,000 cash down payment with interest thereon, but also sums that would have become due under the $80,645.84 promissory note had the same been executed and delivered on December 29, 1967. In addition, the judgment awards plaintiff interest on all such sums together with the amount of taxes paid by plaintiff on the Indiana property since December 1967 together with interest thereon.[1]

## Contentions, Discussion and Disposition

Defendants' contention that the court committed reversible error in allowing plaintiff to file her fourth amended complaint some three and a half years after commencement of the action is without merit. A motion to file an amended pleading is addressed to the sound judicial discretion of the trial court, and no abuse of discretion is shown.

Equally without merit at the appellate level is the contention that by conduct said to be inconsistent with the remedy of specific performance, plaintiff waived or is estopped from asserting any right to specific performance. To the extent these matters were presented to the trial court, they were determined adversely to defendants at trial. To the extent they were not presented at trial, they cannot be raised for the first time on appeal.

The contention that the forms of the verdicts submitted to the jury were misleading and deprived defendants of a full and fair trial is without substance. The jury having returned an advisory verdict for specific perform-

---

[1] By the time this action was commenced defendants were the holders of the $20,000 note and deed of trust encumbering the Indiana property. Since defendants agreed to pay this obligation and save plaintiff harmless therefrom the judgment declares this note and trust deed void and in accordance with one of the jury's verdicts awards plaintiff $6,000 as reasonable attorney fees under the attorney-fee provision of the note. (See Civ. Code, § 1717.) Defendants make no contention concerning this aspect of the judgment and appear to concede its propriety.

ance, many of the alternative jury verdict forms became moot, and, in any event, defendants demonstrate no prejudice from the jury's failure to return other verdicts relating to fraud, punitive damages, etc.

■ Defendants' primary contention, and their only contention of substance, is that the court's findings and conclusions and the judgment based thereon are violative of the anti-deficiency legislation found in Code of Civil Procedure section 580b.[2] Upon mature reflection we have concluded that this contention, too, lacks merit.

Disregarding the form of the transaction between plaintiff and defendants and looking to its substance (Civ. Code, §§ 2924, 2925; *Peninsular etc. Co.* v. *Pacific S. W. Co.,* 123 Cal. 689, 694 [56 P. 604]; *Chapman* v. *Hicks,* 41 Cal.App. 158, 161-163 [182 P. 336]), what we have is a sale by plaintiff of the Chicago property to defendants with the payment therefor deferred for three years and secured by a security interest in the Indiana property. The case is just as if defendants had purchased the Chicago property on credit and given plaintiff a deed of trust on the Indiana property to secure payment of the obligation. So viewed, the transaction is not governed by Code of Civil Procedure section 580b. Where the security given is on property other than the property sold, the transaction is ordinarily outside the purposes of Code of Civil Procedure section 580b, and, therefore, not ordinarily governed by that section. (*Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35, 41-42 [27 Cal.Rptr. 873, 378 P.2d 97]; *Dobias* v. *White,* 239 N.C. 409, 412 [80 S.E.2d 23, 26] [cited with apparent approval in *Roseleaf Corp.* v. *Chierighino, supra*]; Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1, 17-18, particularly fn. 78.) Paraphrasing the language of *Roseleaf,* there is no indication in the present case that the Chicago property was overvalued. The purchasers will not lose the property they purchased yet remain liable for the purchase price. To apply Code of Civil Procedure section 580b here would mean that defendants would acquire the Chicago property at less than the agreed price. (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at pp. 42-43.)

The judgment is affirmed. Plaintiff shall recover her costs on appeal, but, since no substantial portion of the appeal related to the $20,000 promis-

---

[2]Section 580b of the Code of Civil Procedure reads in pertinent part: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property . . . ."

sory note and deed of trust on the Indiana property (see fn. 1, *ante*), plaintiff is not entitled to recover further attorney fees on account thereof.

Gabbert, Acting P. J., and Kerrigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 10, 1974.