[No. B096056. Second Dist., Div. Six. Oct. 9, 1996.]

JACK ERICKSON AND ASSOCIATES, Plaintiff and Respondent, v. ROBERT D. HESSELGESSER, Defendant and Appellant.

**COUNSEL**

Lang, Hanigan & Carvalho, John D. Lang and Laurence C. Osborn for Defendant and Appellant.

John D. Glynn for Plaintiff and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—Robert D. Hesselgesser appeals from a judgment awarding respondent, Jack Erickson and Associates, $112,000 on a promissory note. We affirm and hold that the judgment is not barred by the antideficiency provision of Code of Civil Procedure section 580b.[1]

*Facts*

On June 15, 1989, appellant and his wife, Jane Hesselgesser, purchased a residence from respondent for $560,000. Appellant put $56,000 down, borrowed $392,000 from Great Western Savings, and gave respondent a $112,000 note secured by a second deed of trust.

Appellant bought the residence for investment purposes and never lived in it. He planned to fix it up and quickly sell it. The promissory note to respondent had a June 15, 1990, due date.

In 1991, appellant decided to rebuild most of the residence and obtained a $300,000 construction loan from Union Bank. The bank required that respondent subordinate the second deed of trust to the construction loan. Respondent, at appellant's request, signed a subordination agreement and received a written guaranty.[2]

In 1993 appellant defaulted on the Great Western Savings and Union Bank loans. The banks foreclosed. Appellant sold the property a week before

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] The guaranty, dated February 9, 1991, stated: "I, Robert D. Hesselgesser, personally guarantee the existing note & trust deed secured by 808 Vallombrosa, Pas[adena] in the amount of $112,000 in consideration of its subordination to Union Bank for construction loan for said property."

the foreclosure but lacked the funds to pay off respondent. To close the escrow, appellant obtained a deed of reconveyance from respondent. Appellant provided respondent a signed document stating that reconveyance would not prejudice respondent's right to collect on the note or guaranty. The sale generated enough money to pay off the Great Western loan and part of the Union Bank loan.

Respondent sued on the note and guaranty. Appellant claimed that the action was barred by section 580b. The trial court found for respondent and entered judgment against appellant and his wife. Appellant appealed but not his wife.

*Section 580b*

Section 580b provides in pertinent part: "No deficiency judgment shall lie in any event after a sale of real property . . . under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property . . . ."

■ The purpose of section 580b is to stabilize land values during economic downturns and to discourage vendors from overvaluing the security. (*Thompson* v. *Allert* (1991) 233 Cal.App.3d 1462, 1465 [285 Cal.Rptr. 367]; *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 41-42 [27 Cal.Rptr. 873, 378 P.2d 97].) "Section 580b places the risk of inadequate security on the purchase money mortgagee. . . . Precarious land promotion schemes are discouraged . . . . If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, section 580b prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability." (*Roseleaf Corp.*, *supra*, at p. 42.)

The courts have held that a buyer cannot waive the antideficiency protection in advance. (See *Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467 [289 P.2d 463]; *Valinda Builders, Inc.* v. *Bissner* (1964) 230 Cal.App.2d 106, 112 [40 Cal.Rptr. 735]; 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 161, p. 660.) However, section 580b can be waived by the buyer's subsequent conduct. (See 3 Witkin, Summary of Cal. Law, *supra*, § 161, p. 660; *Russell* v. *Roberts* (1974) 39 Cal.App.3d 390, 394-395 [114 Cal.Rptr. 305].)

■ The trial court found that appellant waived the protection of section 580b when he had respondent subordinate to a construction loan. The court,

in a written statement of decision, stated that "defendants bought the property for $560,000. . . . At the time of the construction loan, the value of the property with the proposed renovations was appraised at $1,050,000. Plaintiff agreed to subordinate his deed of trust to allow defendants to obtain the construction loan and make the renovations they desired. The building on the land never changed from being a single family residence, but it was changed substantially, as was the predicted value of the property. Therefore, the risk of the property not selling for its full appraised value after the renovations should not fall on the seller. Instead, the buyers who undertook to make these improvements should bear the risk that the property would not sell for the price they expected."

Appellant contends that section 580b was not waived because the underlying debt was secured by a purchase money deed of trust. He cites *Brown* v. *Jensen* (1953) 41 Cal.2d 193, 197 [259 P.2d 425], for the rule that the character of the security interest is "determined at the time the trust deed is executed. Its nature is then fixed for all time and as so fixed no deficiency judgment may be obtained regardless of whether the security later becomes valueless."

The rule applies to standard purchase money transactions. (*Spangler* v. *Memel* (1972) 7 Cal.3d 603, 610-611 [102 Cal.Rptr. 807, 498 P.2d 1055].) The Supreme Court has held that a nonstandard purchase money transaction can result in the waiver of section 580b. (*Ibid.*) In *Spangler* the buyer purchased a residence for $90,000 and gave the seller a $63,900 note secured by a deed of trust. The seller subordinated the deed of trust to a $408,000 construction loan to facilitate the construction of an office building. The construction lender foreclosed and the seller sued on the note as a sold-out junior lienor.

The Supreme Court held that the buyer waived section 580b because the subordination agreement contemplated a change in the use of the property. (*Spangler* v. *Memel, supra*, 7 Cal.3d at p. 611.) "[W]here the vendor agrees to subordinate his lien to the purchaser's construction loan, the purchaser does not intend to continue with the same use of the property but actually intends a different use which contemplates considerable improvement of it. In this . . . situation, the present security value of the property, therefore, is *not* a reliable indicator of the ultimate value of the property; that value will be determined by the success of the venture which contemplates a *change* in the use of the property." (*Ibid.*)

Appellant argues that section 580b cannot be waived unless the subordination is contemporaneous to the sale. We disagree. The courts have applied

*Spangler* v. *Memel* to transactions where the purchase money deed of trust was subordinated after the sale. (*Wright* v. *Johnston* (1988) 206 Cal.App.3d 333, 336-337 [253 Cal.Rptr. 418] [subordination occurred when property refinanced]; *Roffinella* v. *Sherinian* (1986) 179 Cal.App.3d 230, 239 [224 Cal.Rptr. 502] [section 580b waiver based on postsale construction loan]; *Budget Realty, Inc.* v. *Hunter* (1984) 157 Cal.App.3d 511, 517 [204 Cal.Rptr. 48] [waiver occurred when subordination clause exercised]; *Goodyear* v. *Mack* (1984) 159 Cal.App.3d 654, 660 [205 Cal.Rptr. 702] [waiver where vendor reconveyed on deed of trust and took a security interest in other property]; *Syrek* v. *Gould* (1966) 244 Cal.App.2d 149, 150-153 [52 Cal.Rptr. 827] [same].)

### *Palm v. Schilling*

Appellant cites *Palm* v. *Schilling* (1988) 199 Cal.App.3d 63 [244 Cal.Rptr. 600], for the proposition that a purchase money deed of trust always affords antideficiency protection. There, the buyer (Schilling) purchased a residence and gave the seller two promissory notes secured by the property. Schilling encountered financial problems and had to refinance the property. The seller agreed to subordinate. Schilling later defaulted on the loans and lost the property in a foreclosure. The seller, who was a sold-out junior lienholder, sued on the note.

The Court of Appeal rejected the argument that Schilling contractually waived section 580b. (*Palm* v. *Schilling, supra,* 199 Cal.App.3d at p. 67 & fn. 3.) The court stated: "The explicit language of section 580b brooks no interpretation other than that deficiency judgments are prohibited by a purchase money mortgagee so long as a purchase money mortgage or deed of trust is in effect on the original real property. To allow a purchase money creditor to circumvent the absolute rule by enforcing a purported waiver of section 580b in exchange for other concessions would flaunt the very purpose of the rule. If the purchase money creditor retains an interest in the original property, the debtor cannot be held for a deficiency." (*Id.,* at p. 76.)

*Palm* v. *Schilling, supra,* is factually distinguishable. Appellants purchased the property as an investment, not to live in. Respondent carried back a purchase money deed of trust based on the representation that appellant would pay off the note in a year. Appellant changed plans midstream, had respondent subordinate to a construction loan, and executed a personal guaranty.

The guaranty added nothing to the obligation. (See *Torrey Pines Bank* v. *Hoffman* (1991) 231 Cal.App.3d 308, 319-320 [282 Cal.Rptr. 354] [guaranty

is ineffectual where guarantor and obligor on the note are the same person].) The trial court, however, found that the subordination resulted in a waiver of section 580b because there was a change of use affecting the security interest. We agree. Appellant tore down most of the house, added 1,000 square feet to the residence, rebuilt the garage and added a maid's quarters, and constructed a second garage. The subordination to a new construction loan entailed unique risks and jeopardized respondent's security. (See *Roskamp Manley Associates, Inc.* v. *Davin Development & Investment Corp.* (1986) 184 Cal.App.3d 513, 517 [229 Cal.Rptr. 186].)

"If a change in use makes the original security value of the property an unreliable indicator of its value after construction improvements have been made, then even a change from a less intensive residential use to a more intensive one is sufficient to make the transaction a variation on the standard purchase money transaction. (See *Spangler* v. *Memel, supra,* 7 Cal.3d at p. 611.) '[T]he determining factor is not the intended use per se; rather "the purchaser does not intend to continue with the *same use* of the property but actually intends a *different use* which contemplates considerable improvement of it." ' [Citation.]" (*Boyle* v. *Sweeney* (1989) 207 Cal.App.3d 998, 1003-1004 [255 Cal.Rptr. 153].)

Substantial evidence supported the finding that there was a change of use affecting the value of respondent's security. Appellant tore down the house, left two walls standing, and spent two years rebuilding it, all with the knowledge that real estate prices were falling. Real estate values dropped 40 to 50 percent. Because of the construction delays and cost overrun, the value of the property at the time of sale (i.e., 1989, when the purchase money deed of trust was executed) was not a reliable indicator of the value of the property three years later. (E.g., *Spangler* v. *Memel, supra,* 7 Cal.3d 603, 611.)

*Palm* v. *Schilling, supra,* 199 Cal.App.3d 63, did not involve a change of use, a subordination to a construction loan, or a reconveyance of the deed of trust. The court did, however, explain how section 580b worked: "If the purchase money creditor does not wish to accept the risk that the property will be lost through foreclosure by another secured creditor, the remedy is to either foreclose himself *or destroy the purchase money nature of the transaction by reconveying the deed or mortgage on the original real estate* in exchange for the substitution of other security. [Citation.]" (199 Cal.App.3d at p. 76, italics added.)

Appellant, by his conduct, waived the protection of section 580b when he asked respondent to subordinate to the construction loan. A second waiver

occurred when he induced respondent to execute a deed of reconveyance and sold the property. Respondent was left without security.

It is well established that unsecured purchase money notes are not subject to section 580b. (*Nevin* v. *Salk* (1975) 45 Cal.App.3d 331, 342 [119 Cal.Rptr. 370]; *Van Vleck Realty* v. *Gaunt* (1967) 250 Cal.App.2d 81, 83 [58 Cal.Rptr. 246]; *Christopherson* v. *Allen* (1961) 190 Cal.App.2d 848, 851-852 [12 Cal.Rptr. 658]; Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1990) § 4.38, pp. 219-220.) We reject the argument that appellant could extinguish the security interest, sell the property to a third party, and invoke section 580b to shift the loss of the ill-fated project to respondent.

The judgment is affirmed with costs to respondent.

Gilbert, J., and Coffee, J.,* concurred.

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.