[L. A. No. 18806. In Bank. Dec. 28, 1944.]

E. MORELLO, Appellant, v. M. METZENBAUM et al., Respondents.

F. W. Docker and Matt Goldstein for Appellant.

Thos. F. Lopez and Lawrence W. Young for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of defendants in an action on a promissory note for $6,000, dated December 15, 1941, and due one day after date.

Defendant M. Metzenbaum purchased a landowner's roy-

alty interest from E. B. Johns, who was the owner of real property in Fresno County under lease to Loren L. Hillman, Inc., for the purpose of drilling for oil. The royalty interest of Metzenbaum was acquired from Johns under the authority of a permit from the Commissioner of Corporations. To enable him to purchase the interest Metzenbaum borrowed $6,000 from plaintiff and executed the note sued on. Defendant Manville was a comaker of the note. The note was not paid when due and, on March 13, 1942, the parties entered into an agreement under the terms of which Metzenbaum executed an instrument in the form of a deed and assignment conveying to the plaintiff 12½ per cent of the oil production from the Johns property. It was the understanding of the parties that 1 per cent of the 12½ per cent was to go to the plaintiff outright, and the balance stand as security for the payment of the note. The deed and assignment recited that it was issued pursuant to a permit from the Commissioner of Corporations. At the time it was executed Metzenbaum also signed an application for a permit to transfer the interest to the plaintiff and escrow instructions were drawn covering the handling of the various documents. By the terms of the agreement under which these instruments were executed plaintiff was authorized to sell the security without advertising and without notice other than a registered letter addressed and mailed to Metzenbaum at least five days prior to sale. The escrow was opened and the instruments deposited. As the note was not paid when due the deed and assignment and the application for a permit were delivered to plaintiff in accordance with the escrow instructions. The attorney for plaintiff sent the required notice to Metzenbaum and thereafter bid in the royalty interest for $2,000, credit for which was endorsed on the note. The deed and assignment was recorded by plaintiff on April 9, 1942. The application for a permit was not used, nor was any other application for a permit made.

The action originally was brought to collect as a deficiency the balance of $4,000 unpaid on the note. Prior to trial, an amended complaint was filed by which plaintiff sought to recover the full amount of the original loan, $6,000, attorneys' fees and costs, on the asserted ground that the agreement of March, 1942, was void and that the interest acquired by plaintiff pursuant to the sale was a nullity, as having been trans-

ferred in violation of the Corporate Securities Act. Defendants admitted the due execution of the note, alleged its extension and the transactions of March, 1942, the sale of the royalty interest for $2,000 under the power of sale, and pleaded the bar of section 580d of the Code of Civil Procedure. It was admitted that no permit had been obtained for the transfer of the royalty interest to plaintiff, but it was denied that a permit was necessary.

The trial court found that at the time of the delivery of the deed and assignment to the title company the defendant M. Metzenbaum and his wife, Miriam Metzenbaum, were the sole owners of the property referred to in the deed and assignment; that at the time they purchased the royalty interest from Johns the latter had a permit from the Commissioner of Corporations authorizing him to sell the property to defendant M. Metzenbaum; that at the time the deed and assignment was delivered to the title company by the Metzenbaums the royalty interest as a security was not of their own issue; that they did not make the deed and assignment directly or indirectly for the benefit of Johns or for any person underwriting Johns, or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the Corporate Securities Act, and that defendants had not violated any provision of that act. Judgment was ordered for the defendants on the theory that the suit was in reality an action for a deficiency on a note secured by a mortgage on real property with power of sale and prohibited by section 580d of the Code of Civil Procedure.

It is settled that the transfer of a landowner's royalty interest is the transfer of a security. (*People* v. *Craven,* 219 Cal. 522 [27 P.2d 906]; *Domestic & Foreign Petroleum Co.* v. *Long,* 4 Cal.2d 547, 554 [51 P.2d 73].) The first question is whether the mortgage and transfer here involved come within the exception of the Corporate Securities Act (Stats. 1917, p. 673, as amended, Stats. 1941, p. 2064; Deering's Gen. Laws, Act 3814), set forth in section 2, subdivision c, as follows: "(c) Sales of securities exempted. Except as herein expressly provided [and it is not otherwise provided], the provisions of this act shall not apply to the sale of any security in any of the following transactions. . . . 2. By or for the account of a pledgee or mortgagee selling or offering for sale or delivery in the ordinary course of business,

to liquidate a bona fide debt, a security pledged in good faith as security for such debt.''

Section 2, subdivision 7, of the act provides that the word ''security'' shall include any certificate of interest in an oil, gas or mining title or lease. We therefore have a situation in which an interest in real property, which is also a security, has been pledged as collateral security for the payment of a debt, and subsequently sold under a power of sale contained in the agreement by which the pledge was made. None of the parties contends that the transaction was other than a pledge of the royalty interest, save as to the 1 per cent interest acquired by Morello as an outright conveyance, and as to the transfer of that interest no question has been raised. The facts bring the case within the exception of the act above set forth, as the security was placed in escrow to be delivered to the plaintiff only in the event the promissory note in question was not paid. It was a pledge of the security, and no sale took place until the plaintiff sold the property to satisfy the indebtedness. Although the transaction was in form a deed and assignment it was the intention of the parties that title should not pass unless the promissory note was unpaid. These undisputed facts clearly establish that the sale was ''by or for the account of a pledgee or mortgagee selling . . . in the ordinary course of business, to liquidate a bona fide debt,'' and that no permit from the Commissioner of Corporations was required.

It is true that the deed and assignment recited that it was issued pursuant to a permit from the Commissioner of Corporations. An application for such a permit was prepared and signed by Metzenbaums and was in the possession of Morello at the time he recorded the deed and assignment but was never used. Morello was correctly advised by his then counsel that no permit was necessary. It follows that, as the sale of the royalty interest by plaintiff was a valid transaction, the plaintiff could not effectively rescind, cancel or annul the transfer of the interest to him on the ground that no permit was secured from the Commissioner of Corporations.

In answer to defendants' contention that section 580d of the Code of Civil Procedure was a bar to the recovery of any money judgment for the balance admittedly unpaid on the note, the plaintiff asserts that the sale of the security under the power of sale was ineffective by reason of the waiver

by defendants of the provisions of section 2924 of the Civil Code, and of section 2953 of the same code which provides: "Any express agreement made or entered into by a borrower at the time of or in connection with the making of or renewing of any loan secured by a deed of trust, mortgage or other instrument creating a lien on real property, whereby the borrower agrees to waive the rights, or privileges conferred upon him by Sections 2924 . . . of the Civil Code . . . shall be void and of no effect. . . ." But the provisions of section 2953 are inapplicable here for the reason that the agreement was not executed at the time or in connection with the making of the loan. This court, in *Salter* v. *Ulrich*, 22 Cal.2d 263, said (p. 267) [138 P.2d 7, 146 A.L.R. 1344]: "Since necessity often drives debtors to make ruinous concessions when a loan is needed, section 726 should be applied to protect them and to prevent a waiver in advance. This reasoning, however, does not apply after the loan is made, when all rights have been established and there remains only the enforcement of those rights. The situation is analogous to the right of redemption which may not be waived in advance. (Civ. Code, § 2889; *Bradbury* v. *Davenport*, 114 Cal. 593 [46 P. 1062, 55 Am.St.Rep. 92]; *Goodenow* v. *Ewer*, 16 Cal. 461 [76 Am.Dec. 540].) However, the mortgagor may subsequently deed the property to the mortgagee or may release or sell the right of redemption. (*Archer* v. *Salinas City*, 93 Cal. 43 [28 P. 839, 16 L.R.A. 145]; *Watson* v. *Edwards*, 105 Cal. 70 [38 P. 527]; *Clarke* v. *Fast*, 128 Cal. 422 [61 P. 72]; *Graves* v. *Arizona Central Bank*, 205 Cal. 715 [272 P. 1063]; *Bradbury* v. *Davenport, supra.*) . . . Although section 2953 was not in effect at the time of the transactions in question, it is entirely consistent with the right of a mortgagor or trustor to make a subsequent waiver, since by its terms it purports to apply only to a waiver agreement which is exacted in advance as a condition to the making or renewing of any loan secured by a mortgage or deed of trust." This language is particularly applicable in the present case, where the loan was made and the note executed three months prior to the transaction by which the power of sale was provided for. ▉ Furthermore, the agreement of March, 1942, did not constitute a renewal of the note as urged by the plaintiff, relying on language in 54 Corpus Juris, at page 380, to the effect that the word "renewal" has been held to be synonymous with the word "extension" when the time of payment of an obligation is extended. Reading

further in the text, we find at page 381: "However, while 'renewal' has been construed as equivalent to or synonymous with 'extension,' it has also been distinguished from 'extension,' and it has been held that a renewal, as distinguished from a mere extension, is a separate and distinct contract, the substitution of a new right or obligation for another of the same nature, and that the word contemplates, implies, imports, or requires the execution of a new instrument; . . ." Among the cases cited as supporting the text is *Robertson* v. *Drew*, 34 Cal.App. 143, where, at page 144 [166 P. 838], the court said: "There appears by the decided cases to be a clear distinction between the meaning of the expressions 'renewing a lease' and 'extending the term' thereof. A covenant providing for the renewal of a lease at the option of the lessee imports the giving of a new lease; but where the option given is for an extension of the term, the lessee upon notice, if notice is required . . . is entitled to hold for the additional period." The same interpretation should prevail here, where the note given in December, 1941, continued in existence with the time of payment extended.

Section 580d of the Code of Civil Procedure, invoked by the defendants, in part provides: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such a mortgage or deed of trust. . . ."

The assignee of a royalty interest in oil rights under an assignment by the landowner has a right in the nature of a profit à prendre, which is an estate in real property, and is properly described as real property, or real estate, where, as here, it is to endure in perpetuity. (*Callahan* v. *Martin*, 3 Cal.2d 110, 128 [43 P.2d 788, 101 A.L.R. 871].) Such an interest is contemplated by the provisions of said section 580d prohibiting a judgment for a deficiency following the sale of the hypothecated property under a power of sale.

The findings and conclusions of the trial court are supported by the record, and the relief sought by the plaintiff was properly denied.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J. and Schauer, J., concurred.