[Civ. No. 19259.   Second Dist., Div. One.   Dec. 17, 1952.]

CHARLES F. PAINE et al., Plaintiffs and Appellants, v. EVERETT O. SMITH et al., Defendants and Appellants.

Andrew J. Copp, Jr., and H. Dexter McKay for Plaintiffs and Appellants.

Roy C. Kaiser for Defendants and Appellants.

DRAPEAU, J.—The parties to this action entered into a written agreement whereby defendants, parties of the first part in the agreement, conveyed to plaintiffs, parties of the

second part, 10 per cent from the net recovery of oil from producing wells on property in which defendants owned a leasehold interest, 33⅓ per cent of the net recovery from the first new well drilled on said property, and 2 per cent from all additional wells drilled thereon.

As consideration for this conveyance plaintiffs granted (in the same writing) to defendants improved real property in the city of Los Angeles.

The trial court found that the agreement as it applied to defendants was a conveyance of a security as defined in section 25008 of the Corporations Code; that it had been issued without the permit by the Commissioner of Corporations required by law, and was therefore void and valueless; that the deed of the real property from plaintiffs to defendants had therefore been secured by fraud, to the damage of plaintiffs in the sum of $12,000.

Defendants appeal from the judgment which followed the findings, upon the ground that the agreement was not a security as defined by our Corporations Code.

Plaintiffs appeal from that part of the judgment which does not include the wives of defendants, Everett O. Smith and J. E. Mitchell.

■ Defendants' appeal may be summarily disposed of: "It is settled that the transfer of a landowner's royalty interest (in oil) is the transfer of a security." (*Morello* v. *Metzenbaum*, 25 Cal.2d 494 [154 P.2d 670]; and see cases there cited.)

■ Defendants' argument that because the parties entered into a partnership agreement, as further provided in the contract, and thereby relieved defendants from the provisions of the corporate securities act, is without merit.

■ Plaintiffs' argument that defendants' wives should have been found parties to the fraud fails because that question was one of fact for the trial judge.

It is in testimony that the wives never took any part in handling defendants' leasehold interest, or in the negotiations leading up to the agreement, and had no knowledge of the transaction, other than to sign the agreement at the request of their husbands. As was said in *Engle* v. *Farrell*, 75 Cal. App.2d 612 [171 P.2d 588], cited by plaintiffs, an appellate court does not review such conclusions.

The record supports the finding of no fraud as to the wives. The judgment is affirmed.

White, P. J., concurred.

Doran, J.—I dissent. In my opinion the document in question is not a "security."

Defendants and appellants' petition for a hearing by the Supreme Court was denied February 10, 1953. Schauer, J., was of the opinion that the petition should be granted.