[L. A. No. 23323.   In Bank.   Nov. 4, 1955.]

MORTON FREEDLAND et al., Respondents, v. DOMENICK R. GRECO, Appellant.

Edmund F. Barker for Appellant.

John M. Dvorin for Respondents.

CARTER, J.—Defendant appeals from a judgment for $6,671.96 (plus $360, attorney's fees), foreclosing a chattel mortgage on described personal property, ordering the sale of the property, and for a deficiency judgment if the sale price was not sufficient to satisfy the amount secured by the mortgage. Four hundred and forty-four dollars and fifty-five cents was realized from the sale, hence the deficiency judgment was substantial. Defendant's appeal is on the judgment roll and a settled statement of the proceedings.

Plaintiffs were the owners of an off-sale liquor business which included the license, stock in trade and equipment; they also held a lease of the premises on which the business was conducted. They sold all items to defendant who paid part of the purchase price in cash. The unpaid balance of the purchase price was $7,000 (later adjusted to $6,449.53). Defendant gave plaintiffs two promissory notes dated August 14, 1951, each for $7,000, representing the balance of the purchase price. There is no question but that these two notes represented a single obligation in the amount of $7,000, the unpaid balance of the purchase price. Both of the notes and the security therefor hereafter mentioned were a part of the same transaction.

As security for the payment of one of the notes (hereafter called the first note) defendant gave plaintiffs a chattel mortgage on the equipment sold. That note recited that it was given in "addition to the deed of trust in like amount as additional security to the mortgagees and trustees [plaintiffs]."

A second trust deed on real property owned by defendant was given as security for the second note.

Defendant defaulted in the payment of the installments under the notes, and plaintiffs had the trustee under the trust

deed sell the real property on October 14, 1952, under the power of sale contained therein. Plaintiffs bought the property and, as a result thereof, a net of $740.35 was credited as payment on the trust deed note. In the meantime, on October 9th, plaintiffs commenced the instant action to foreclose the chattel mortgage and note and for a deficiency judgment. The judgment appealed from followed.

It was stipulated that the "chattel mortgage represented the balance of the purchase price of the personal property sold to the defendant, but that the trust deed did not stand in that category, but merely constituted additional security for the debt."

Defendant contends that under section 580d of the Code of Civil Procedure[1] no deficiency judgment may be given where there has been a sale under a power of sale in a trust deed as distinguished from a foreclosure sale following court action. It is argued that while there were two notes here, one of which was secured by the trust deed, and section 580d refers to a deficiency on a "note" secured by a trust deed, there was in fact only one obligation or debt which was secured by the trust deed under which a sale had taken place; that a deficiency judgment may not be permitted by the device here used of having two notes, one of which was secured by the chattel mortgage. Defendant does not question that both the real and personal property security may be exhausted and the chattel mortgage foreclosed. Nor is there any contention that either the mortgage or trust deed was a purchase money security and thus controlled by section 580b of the Code of Civil Procedure[2] considered by this court in the recent case of *Brown* v. *Jensen*, 41 Cal.2d 193 [259 P.2d 425].

If, in the instant case, there had been only one note, secured by a chattel mortgage as well as a trust deed, which represented the debt of defendant to plaintiffs, it is clear

---

[1]"No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such a mortgage or deed of trust." (Code Civ. Proc., § 580d.)

[2]"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust. or mortgage, given to secure payment of the balance of the purchase price of real property.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof." (Code Civ. Proc., § 580b.)

that plaintiffs would not be entitled to a deficiency judgment under the plain wording of section 580d, *supra.* It would be a note "secured by a deed of trust upon real property" upon which there could not be a judgment for "any" deficiency. ■ There is no limitation in that section that a note must be secured solely by a trust deed. Thus, if the note is secured by a trust deed on real property the section applies even though it may also be secured by other security. Also, in accordance with the section the real property given as security for the note has been sold under the power of sale contained in the deed of trust. It has been held in such a situation (one note secured by both trust deed and other security) that after a sale under the power of sale in the trust deed, the creditor may exhaust the additional security and need not follow the procedure following a sale under a trust deed prescribed by section 580a of the Code of Civil Procedure[3] (*Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869]) nor is he prevented from exhausting the other security where the trust deed is a purchase money one on which no deficiency judgment may be given under section 580b of the Code of Civil Procedure as it read prior to its amendment in 1949 (Stats. 1949, ch. 1599). (*Mortgage Guar. Co.* v. *Sampsell,* 51 Cal.App.2d 180 [124 P.2d 353].) ■ By analogy the same rule would apply to section 580d, *supra,* here involved, and defendant does not contend that the chattel mortgage may not be foreclosed. The Hatch and Mortgage Guarantee cases, however, in arriving at that conclusion stress, and are based on, the proposition that the pursuit of additional security is not a deficiency judgment, the implication being that if it were the creditor could not prevail. We take it, therefore, that a deficiency judgment may not be obtained under the circumstances now being discussed. The dictum apparently to the contrary in *Peterson* v. *Wilson,* 88 Cal.App.2d 617, 632 [199 P.2d 757, 6 A.L.R.2d 258], fails to consider the reasoning in those cases or the wording of the code sections and is, therefore, disapproved.

Since the giving of additional security for the note gives the right to exhaust such security but no right to a deficiency judgment, the chattel mortgage in the instant case adds nothing to the rights of plaintiffs with regard to a deficiency

---

[3]When a deficiency judgment is sought after sale under a trust deed there must be a determination of the fair market value of the property and the judgment may not be for more than the difference between the indebtedness due at the time of the sale and the market value.

judgment. ■ The question is, therefore, whether the fact that a separate note, secured by a chattel mortgage, changes the picture legally. We think it does not where, as here, both notes represented only a single sum owing from defendant to plaintiffs. The case is no different than if defendant had given two notes each for the same total indebtedness and only one of them was secured by a trust deed. It should be clear that in such a case the plaintiffs could not recover a deficiency judgment on the unsecured note after selling the property under the trust deed covered by the other note. It is unreasonable to say the Legislature intended that section 580d could be circumvented by such a manifestly evasive device. In such a situation the legislative intent must have been that the two notes are, in legal contemplation and under section 580d, one, secured by a trust deed. This construction is compelled by several persuasive factors.

■ *In Brown* v. *Jensen, supra,* 41 Cal.2d 193, 197, we held: ''These provisions [Code Civ. Proc., §§ 580-580d, 726] indicate a considered course on the part of the Legislature to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security.''

■ Moreover, those provisions may not be waived in advance by the debtor as the courts have held with respect to section 726 of the Code of Civil Procedure (*Winklemen* v. *Sides,* 31 Cal.App.2d 387 [88 P.2d 147] and section 580a (*California Bank* v. *Stimson,* 89 Cal.App.2d 552 [201 P.2d 39]) and, see generally, *Salter* v. *Ulrich,* 22 Cal.2d 263 [138 P.2d 7, 146 A.L.R. 1344] and *Morello* v. *Metzenbaum,* 25 Cal.2d 494 [154 P.2d 670]. Because of the strong reasons of policy expressed in the Winklemen and California Bank cases the same rules should apply to section 580d. The section would have little effect if the prospective creditor could compel the prospective debtor to waive it in advance.

■ Taking into consideration the policies and purposes of the act, the applicable rule of statutory construction is that the purpose sought to be achieved and evils to be eliminated have an important place in ascertaining the legislative intent (*Wotton* v. *Bush,* 41 Cal.2d 460 [261 P.2d 256]). ■ Statutes should be interpreted to promote rather than defeat the legislative purpose and policy. (*People* v. *Centr-O-Mart,* 34 Cal.2d 702 [214 P.2d 378].) ■ ''[I]n the interpretation of statutes, when two constructions appear possible, this court follows the rule of favoring that which leads to the more reasonable result.'' (*Metropolitan Water Dist.* v. *Adams,*

32 Cal.2d 620, 630 [197 P.2d 543].) ■ And, "That construction of a statute should be avoided which affords an opportunity to evade the act, and that construction is favored which would defeat subterfuges, expediencies, or evasions employed to continue the mischief sought to be remedied by the statute, or to defeat compliance with its terms, or any attempt to accomplish by indirection what the statute forbids." (50 Am.Jur., Statutes, § 361; see *In re Reineger*, 184 Cal. 97 [193 P. 81].) Moreover, it should be noted that "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." (Civ. Code, § 1642.) ■ And, " 'It is a general rule that several papers relating to the same subject-matter and executed as parts of substantially one transaction, are to be construed together as one contract. . . .' " (*Symonds* v. *Sherman*, 219 Cal. 249, 253 [26 P.2d 293].)

While other sections of the Code of Civil Procedure which deal with deficiency judgments (Code Civ. Proc., §§ 726, 580a, 580b) refer to "debts," "obligations," or "contracts" secured by a trust deed may be broader than the word "note" used in section 580d, the fact remains that here we have a note and in order to avoid thwarting the purpose of section 580d by a subterfuge, we must construe that section as embracing a situation such as we have here. If we do not so construe the section the debtor would, in legal effect, waive in advance the protection afforded by being required to give two notes for the same debt, even though the instruments contained no such waiver.

That portion of the judgment for a deficiency payment after sale of the property covered by the chattel mortgage is reversed. Otherwise the judgment is affirmed, defendant to recover costs.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.