[Civ. No. 31441. First Dist., Div. One. May 16, 1974.]

HENRY J. RUSSELL, Plaintiff and Respondent, v.
HIAWATHA T. ROBERTS et al., Defendants and Appellants.

## COUNSEL

Hiawatha T. Roberts, in pro. per., for Defendants and Appellants.

Miller, Starr & Regalia and Kenneth M. Miller for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendants Roberts, White, Washington, Slaughter and Richard, hereafter sometimes the "defendants," have appealed from a judgment for $5,237.31, founded on a promissory note held by plaintiff Russell. Two other defendants, Verlin Mattox and Hester Mattox, hereafter "Mattox," who were also adjudged liable on the note, have not appealed.

The superior court found the following basic facts to be true.

Defendants Roberts, White, Washington and Slaughter, *but not defendant Richard,* purchased from Mattox an interest in real property. As part of the purchase price Mattox received a promissory note for $17,500 executed by Roberts, White, Washington, Slaughter *and Richard.* The note was secured by a deed of trust on the subject property executed by Roberts, White, Washington and Slaughter, *but not by Richard.* The deed of trust was a fourth lien, subject to three other such instruments.

The entire balance of the promissory note later became due by its terms and remained unpaid. Thereafter, on January 28, 1963, Roberts, White, Washington, Slaughter *and Richard* entered into an agreement (hereinafter the "agreement") with Mattox, as follows:

"This refers to a loan evidenced by promissory note dated October 23, 1961, executed by HIAWATHA T. ROBERTS, CLINTON A. WHITE, T. W.

WASHINGTON, ARLENE M. SLAUGHTER and JAMES L. RICHARD, present principal balance of $8,601.29 and upon which interest is paid to January 15, 1963. Said note is secured by a Deed of Trust dated October 23, 1961, hereinafter referred to as the encumbrance, Recorder's Series No. AS 137267, in the Recorder's Office of Alameda County, State of California. Said note, subject to the installment maturities therein, if any, is payable in full on December 15, 1962.

"Request is hereby made that you modify the terms of said note and that you accept payment thereof at the time, or times, and in the manner following:

"Installments of $100.00 per month including interest are to be made starting on March 1, 1963 and continuing until December 15, 1965 at which time the entire balance owing will be due and payable.

"In consideration of such modification and your acceptance hereof, and your forbearance to enforce payment except as hereinabove provided, the indebtedness evidenced by said note is hereby acknowledged and admitted, and the undersigned, jointly, severally, and unconditionally, promise and agree to pay the same with the interest thereon within the time and in the manner above provided, together with attorney's fees, costs of collection, and any other sums secured by the encumbrance.

"Any and all securities for said principal obligation held by you, including the encumbrance, may be enforced by you concurrently or independently in such order as you may determine; and with reference to any such security in addition to the encumbrance, you may, without consent of or notice to any of the undersigned, exchange, substitute or release such security without affecting the liability of the undersigned, or any of them, and you may release any one or more parties hereto or to the above obligation, or permit the liability of said party or parties to terminate without affecting the liability of any other party or parties liable thereon.

"This agreement is a revision only, and not a novation; and except as herein provided, all of the terms and conditions of said note and said encumbrance shall remain in full force and effect."

Sometime later Mattox transferred and assigned to plaintiff Russell for a valuable consideration their interest in the subject promissory note, deed of trust, and agreement. Mattox, among other things, guaranteed to Russell the prompt payment "of all sums due and payable pursuant to the terms and conditions of the promissory note as extended by the agreement of January 28, 1963."

The deed of trust security became valueless as a result of a default under, and foreclosure of, a senior deed of trust. Thereafter Roberts, White, Washington, Slaughter and Richard defaulted in payment of $5,237.31 which had become due and payable on the promissory note; Mattox likewise defaulted on the guarantee.

This action and the instant appeal followed.

The first contention of defendants is that plaintiff Russell's promissory note was secured by a "purchase money" deed of trust, and that therefore he was barred, by Code of Civil Procedure section 580b, from recovering a judgment against them. Richard joins in this contention on the theory that the superior court erred in denying "reformation" of the transaction by declaring him also a party to the sale and deed of trust transaction.

During the period with which we are concerned Code of Civil Procedure section 580b stated, as pertinent here, the following: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, . . . given to the vendor to secure payment of the balance of the purchase price of real property, . . ." (See Stats. 1949, ch. 1599, § 1.)

The trial court found that Roberts, White, Washington and Slaughter were purchasers of the subject property within the meaning of section 580b, and that Richard was not such a purchaser.

The court also found that: "On or about January 28, 1963, defendants Roberts, Slaughter, Washington and White, knowing of the protection afforded them by Code of Civil Procedure, Section 580b, waived said protection and requested an extension of the time for payment of the third installment due on the note by that agreement dated January 28, 1963." It then concluded that by the agreement those defendants had "knowingly and voluntarily waived any protection which may have been originally afforded any of them by section 580b of Code of Civil Procedure."

These determinations led to the entry of judgment against the five appealing defendants.

■ It is first argued that the protective provisions of section 580b may not be waived.

California's courts have repeatedly held that the provisions of section 580b may not be waived *in advance* by the vendee at the time of the sale and hypothecation of the property. (See *Freedland* v. *Greco,* 45 Cal.2d 462, 467 [289 P.2d 463]; *Morello* v. *Metzenbaum,* 25 Cal.2d 494, 499 [154

P.2d 670]; *Salter* v. *Ulrich,* 22 Cal.2d 263, 266 [138 P.2d 7, 146 A.L.R. 1344]; *Venable* v. *Harmon,* 233 Cal.App.2d 297, 302 [43 Cal.Rptr. 490]; *Valinda Builders, Inc.* v. *Bissner,* 230 Cal.App.2d 106, 112 [40 Cal.Rptr. 735]; *Riddle* v. *Lushing,* 203 Cal.App.2d 831, 835 [21 Cal.Rptr. 902]; *Lucky Investments, Inc.* v. *Adams,* 183 Cal.App.2d 462, 467 [7 Cal.Rptr. 57].)

But this rule does not apply after the sale and deed of trust transaction are completed. Discussing a statute of similar purpose, Code of Civil Procedure section 726, the court in *Salter* v. *Ulrich, supra,* 22 Cal.2d 263, 267, stated: "Since necessity often drives debtors to make ruinous concessions when a loan is needed, section 726 should be applied to protect them and to prevent a waiver in advance. This reasoning, however, does not apply after the loan is made, when all rights have been established and there remains only the enforcement of those rights. . . ." (To the same effect see *Morello* v. *Metzenbaum, supra,* 25 Cal.2d 494, 496.) The court in *Freedland* v. *Greco, supra,* 45 Cal.2d 462, 467, made it clear that the same rationale applies to such statutes as section 580b.

We note also the recent case of *Spangler* v. *Memel,* 7 Cal.3d 603, 610 [102 Cal.Rptr. 807, 498 P.2d 1055], which expresses the conclusion, "that section 580b automatically applied only to the standard purchase money transaction and that with respect to variants from this standard purchase money transaction, section 580b would apply only if the factual circumstances came within the purposes of the section. . . ." It seems clearly not "within the purposes of the section" to deny a vendee whose rights have long been established, and who is no longer subject to the coercion of the lender, the privilege of waiving for a new consideration one of those earlier attained rights.

Here the rights of the parties had "been established and there remained only the enforcement of those rights," at the time they entered into the agreement of January 28, 1963. Under the law the appealing defendants were then permitted to waive the section 580b rights that they had previously acquired.

There remains, however, the question whether substantial evidence (see *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784 [59 Cal.Rptr. 141, 427 P.2d 805]) supported the trial court's conclusion that there had in fact been a waiver.

We observe that in the superior court the defendants presented extrinsic evidence as to their intent in entering into the agreement. We may therefore not ourselves independently interpret that document. (See *Par-*

*sons* v. *Bristol Development Co.,* 62 Cal.2d 861, 865-868 [44 Cal.Rptr. 767, 402 P.2d 839].) The test instead is whether substantial evidence, derived from the extrinsic proof and the language of the agreement, supported the trial court's conclusion.

We advert to the portion of the agreement where the defendants stated: "In consideration of such modification and your acceptance hereof, and your forbearance to enforce payment except as hereinabove provided, the indebtedness evidenced by said note is hereby acknowledged and admitted, and the undersigned, jointly, severally, and unconditionally, promise and agree to pay the same with the interest thereon within the time and in the manner above provided, . . ."

Further, defendants agreed that the note's holder may "without consent of or notice to any of the undersigned [defendants] release such security without affecting the liability of the undersigned, or any of them, . . ."

The strongest evidence of what defendants intended, reasonably, must be this written expression of such intent at the time of the agreement.

Previously the defendants had no obligations personally to pay the sums due on their promissory note. By the agreement they purported to bind themselves "*unconditionally*" to make those payments. And previously, had the note's holder released his security by suffering a senior lien to be foreclosed, defendants would personally owe nothing. By the agreement's terms they authorized their creditor to release his security "without affecting the liability of the undersigned, or any of them."

And it must be borne in mind that by the agreement, defendants obtained an advantage to which they were previously not legally entitled. It was in "consideration" of that advantage that they "unconditionally" promised to pay the note according to its terms even though its holder should "release such security."

Despite their evidentiary protestations at the trial that they intended otherwise, the trial court reasonably and on substantial evidence, concluded that defendants had waived their section 580b right not to be personally liable on their promissory note.

Defendants have argued that Civil Code section 2953 makes void any waiver of rights under section 580b in "connection with the making of or *renewing* of any loan secured by a deed of trust, . . ." (Italics added.) But we observe that section 2953 refers to waiver of rights under certain statutes, *not including section 580b.* And the instrument with which we are here concerned may *not* reasonably be considered a *renewal* of the promis-

sory note. By its terms it was "a revision only, and not a novation." "Renewal" is held to mean " 'a separate and distinct contract, the substitution of a new right or obligation for another of the same nature, and that the word contemplates, implies, imports, or requires the execution of a new instrument; . . .' " (*Morello* v. *Metzenbaum, supra,* 25 Cal.2d 494, 500.) And Civil Code section 2953 " 'is entirely consistent with the right of a mortgagor or trustor to make a subsequent waiver, . . .' " (*Morello* v. *Metzenbaum, supra,* p. 499; *Salter* v. *Ulrich, supra,* 22 Cal.2d 263, 267.)

It becomes unnecessary to consider certain other theories and contentions of the parties which are based on an assumption that defendants' section 580b rights had not been waived.

■ No merit is found in defendants' remaining claim of error in the trial court's refusal to grant a continuance to procure the testimony of defendant Slaughter who was in a hospital. Her deposition had been taken, and plaintiff Russell offered to stipulate to its use. And the trial court's offer to adjourn court to the hospital to take the witness' testimony was apparently rejected by defendants. An order denying such a continuance will be upheld in the absence of a clear abuse of discretion. (*Estate of Kay,* 30 Cal.2d 215, 225, 226 [181 P.2d 1].) No abuse of discretion is shown here.

For the reasons stated the judgment will be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 17, 1974.