Opinion
ROBERSON, J.
William and Candace Lee Nettles appeal a judgment in favor of their former landlord in an action for illegal rents, contending the judgment is against the law. We reverse and remand.
I
In September 1976 Candace Lee became a tenant at 1644 Morton Avenue in Los Angeles. She paid monthly rent according to the terms of a written lease, which limited possession to one adult. The lease was subject to the Los Angeles Rent Stabilization Ordinance and its attendant guidelines, which prohibited a rent increase of more than 10 percent for each tenant *Supp. 8 who moved in after the execution of the original lease and who was not a signatory to that lease.
In May 1984 Lee and her fiancé decided to move in together, in Lee’s apartment. They told the landlord, who said it would be fine. Neither party mentioned a rent increase. The fiancé moved in.
At the end of May, the landlord presented Lee a new rental agreement which set the rent at $500 per month, an increase of $150 and more than the 10 percent ceiling in the guidelines. After a less than friendly discussion about the rent, the parties compromised on a $100-per-month increase, an amount still over the 10-percent ceiling.
The trial court, taking judicial notice of the ordinance and guidelines, found the parties had freely negotiated a “new” lease and therefore the 10-percent guideline did not apply: “This is not a case of an additional tenant moving in under an existing rental agreement, but a case of different tenants moving in under a new lease.” The court ordered judgment for the landlord (respondent). Lee and her fiancé (appellants) filed a timely notice of appeal.
II
Appellants contend the judgment is against the law.
Los Angeles Municipal Code Guidelines provide in part: “Where there is an existing rental agreement limiting the number of occupants in the dwelling, but there is no provision stating a specific dollar amount for additional tenants moving in after creation of the original tenancy agreement, landlords may (1) exercise their right to enforce such rental agreement under California law or (2) add a rent increase up to 10% of the current legal rent for each additional tenant____” (L.A. Mun. Code Guidelines, § 310.01 (Guidelines).)
Contrary to the decision of the trial court, section 310.01 does apply under the facts presented by the case at bar. Although a “new agreement” was executed, the effect of the “new lease” was to allow an additional tenant to occupy the premises along with the existing tenant under the lease it purports to supersede, but at a rental rate in excess of that authorized by the ordinance.
It is true that, had appellants refused to execute the new lease which respondent presented to them, agreeing to pay $100 per month more in rent *Supp. 9 than called for in the existing lease (an increase of over 10 percent), and chose instead to just move into the premises, respondent could have legally exercised her right to enforce the rental agreement. However, based on the facts presented in the record in this case, we fail to see how the parties’ execution of the “new” lease, providing for the rent increase, was not a violation of the ordinance.
To allow a landlord, where there is a rental agreement which in effect limits the number of occupants in the dwelling, to require as a condition to allowing an additional tenant to occupy the premises the execution of a new lease providing for a rent increase of more than 10 percent of the current legal rent for such additional tenant, would defeat the purpose of the ordinance. As stated in its declaration of purpose, the rent stabilization ordinance indicates: “[I]t is necessary and reasonable to regulate rents so as to safeguard tenants from excessive rent increases, while at the same time providing landlords with just and reasonable returns from their rental units.” (L.A. Rent Stabilization Ord., art. 1, § 151.01.)
The purpose sought to be achieved and the evils to be eliminated have an important place in ascertaining the legislative intent of an ordinance. (Freedland v. Greco (1955) 45 Cal.2d 462, 467 [289 P.2d 463].) It is unreasonable to say that when the ordinance was enacted, it was intended that it could be circumvented by a manifestly evasive lease such as the 1984 lease in the instant case. Guideline section 310.01 would have little effect if a landlord could compel a prospective tenant to waive the limit on rent in advance. Making the execution of a new lease a condition of the additional tenant occupying the premises amounted to no less than an attempt by respondent to circumvent Guideline section 310.01.
Despite this charade, respondent was only entitled to increase the rent for the additional tenant by no more than 10 percent of the then current legal rent. In the alternative, if she chose not to accept an additional tenant, she could have enforced the limitations provision of the existing lease.
*Supp. 10 For the foregoing reasons, the judgment is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion. Appellants to recover costs on appeal.
Margolis, P. J., and Newman, J., concurred.