TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1208 |
| of | : | |
| | : | March 17, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MARTHA M. ESCUTIA, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

When the retail seller of a hearing aid fails to adjust or replace the device so that it is specifically fit for the particular needs of the buyer and the transaction is deemed rescinded, may the seller retain a portion of the total amount paid on the basis that such part payment was for fitting the device or other ancillary service or for one or more of the component parts that the seller refuses to take back?

CONCLUSION

When the retail seller of a hearing aid fails to adjust or replace the device so that it is specifically fit for the particular needs of the buyer and the transaction is deemed rescinded, the seller may not retain any portion of the total amount paid on the basis that such part payment was for fitting the device or other ancillary service or for one or more of the component parts that the seller refuses to take back.

ANALYSIS

The question presented concerns the extent of the refund which must be provided to one who returns a hearing aid pursuant to Civil Code section 1793.02. **Footnote No. 1** Contained in the Song-Beverly Consumer Warranty Act (§§ 1790-1793.2; "Act"), section 1793.02 provides in pertinent part as follows:

"(a) All new and used assistive devices sold at retail in this state shall be accompanied by the retail seller's written warranty which shall contain the following language: `This assistive device is warranted to be specifically fit for the particular needs of you, the buyer. If the device is not specifically fit for your particular needs, it may be returned to the seller within 30 days of the date of actual receipt by you or completion of fitting by the seller, whichever occurs later. If you return the device, the seller will either adjust or replace the device or promptly refund the total amount paid. This warranty does not affect the protections and remedies you have under other laws.' In lieu of the words `30 days' the retail seller may specify any longer period.

"(b) The language prescribed in subdivision (a) shall appear on the first page of the warranty in at least 10-point bold type. The warranty shall be delivered to the buyer at the time of the sale of the device.

"(c) If the buyer returns the device within the period specified in the written warranty, the seller shall, without charge and within a reasonable time, adjust the device, or, if appropriate, replace it with a device that is specifically fit for the particular needs of the buyer. If the seller does not adjust or replace the device so that it is specifically fit for the particular needs of the buyer, the seller shall promptly refund to the buyer the total amount paid, the transaction shall be deemed rescinded, and the seller shall promptly return to the buyer all payments and any assistive device or other consideration exchanged as part of the transaction and shall promptly cancel or cause to be canceled all contracts, instruments, and security agreements executed by the buyer in connection with the sale. When a sale is rescinded under this section, no charge, penalty, or other fee may be imposed in connection with the purchase, fitting, financing, or return of the device.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 1792.2, subdivision (b), provides that "[e]very sale of an assistive device sold at retail in this state shall be accompanied by the retail seller's implied warranty that the device is specifically fit for the particular needs of the buyer." A hearing aid is an "assistive device" (§ 1791, subd. (s)).

We are asked to determine whether the seller of a hearing aid may, upon recision of the transaction, retain any portion of the total amount paid by claiming that part of the payment was for fitting the device or other ancillary service or for one or more component parts that the seller refuses to take back. We conclude that all payments made in connection with the purchase of the hearing aid must be refunded.

We are informed that, in addition to the amount charged for the hearing aid itself, other separately stated charges are often set forth in the purchase agreement. These additional charges are for services, such as administering a hearing test or making an ear mold, that are necessarily performed in dispensing the hearing aid to the consumer. Such incidental charges are variously denominated as a "laboratory fee," "impression fee," an "instruction, delivery and counseling fee," or "return fee." May the amounts paid for these separately stated items be retained by the seller?

In arriving at our determination we are guided by well-established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "Every word, phrase, and sentence in a statute should, if possible, be given significance. [Citation.]" (*Larson* v. *State Personnel Bd.* (1994) 28 Cal.App.4th 265, 276-277.) "[C]ourts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions. [Citation.]" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.) A statute should be construed to "defeat subterfuges, expediencies, or evasions employed to continue the mischief sought to be remedied by the statute . . . or any attempt to accomplish by indirection what the statute forbids." (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 468.) Finally, we note that "the Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." (*Kwan* v. *Mercedes-Benz of North America* (1994) 23 Cal.App.4th, 174, 184.)

Looking first to the words of the statute, we observe that a refund is to be made "[i]f the seller does not adjust or replace the device so that it is specifically fit for the particular needs of the buyer." (§ 1793.02, subd. (c).) The refund is to be "the total amount paid," and "the seller shall promptly return to the buyer all payments . . . ." (*Ibid.*) "[T]he transaction shall be deemed rescinded," and the seller "shall promptly cancel . . . all contracts . . . executed by the buyer in connection with the sale." (*Ibid.*) Finally, "[w]hen a sale is rescinded under this section, *no charge, penalty, or other fee may be imposed in connection with the purchase, fitting, financing, or return of the device.*" (*Ibid*; italics added.) The "assistive device" includes "any component or part thereof or accessory thereto." (§ 1791, subd. (p).)

The language chosen by the Legislature in section 1793.02 is unambiguous and encompasses the fees and charges in question that are separately listed by hearing aid sellers. The fact that these fees and charges are made to appear independent of the "basic" charge for the hearing aid does not support the view that they may be retained by the dispenser when the sale is deemed rescinded pursuant to the terms of the statute. Such recision is allowed because the hearing aid does not meet the requirement under the implied warranty that the device "be specifically fit for the particular needs of . . . the buyer." (§ 1793.02, subd. (a).) The dispenser is made to bear the economic risk in the transaction since "the buyer is relying on the skill and judgment of the seller to select and furnish suitable goods. . . ." (§ 1791.1, subd. (b).)

Any item made in the course of preparing the hearing aid or any service rendered in that regard is part of the overall cost of ensuring that the consumer receives a hearing aid that conforms to his or her particular needs. The dispenser's skill and judgment are critical in determining which of those items or services is required in order to satisfy the particular needs of the consumer.

We find no indication in the relevant statutes that the Legislature contemplated exclusion of the items or services in question from the "total amount paid" that must be refunded to the consumer when the purchase agreement is deemed rescinded pursuant to section 1793.02,

subdivision (c). We have examined the legislative histories of the relevant statutes and find them to be consistent with the unambiguous statutory language used by the Legislature.

We therefore conclude that when the retail seller of a hearing aid fails to adjust or replace the device so that it is specifically fit for the particular needs of the buyer and the transaction is deemed rescinded, the seller may not retain any portion of the total amount paid by claiming that part of the payment was for fitting the device or other ancillary service or for one or more of the component parts that the seller refuses to take back.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Civil Code are by section number only.