BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE MARK WYLAND, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a hospital district operating under the Local Health Care District Law include a provision in a four-year employment contract with its hospital administrator that allows the administrator to resign for "good cause" and receive a cash settlement of 18-months severance pay if the district declines at least two years prior to the expiration of the contract to terminate the contract and execute a new four-year contract on the same terms and conditions as the current contract?
 CONCLUSION
A hospital district operating under the Local Health Care District Law may not include a provision in a four-year employment contract with its hospital administrator that allows the administrator to resign for "good cause" and receive a cash settlement of 18-months severance pay if the district declines at least two years prior to the expiration of the contract to terminate the contract and execute a new four-year contract on the same terms and conditions as the current contract.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the Local Health Care District Law (Health Saf. Code, §§ 32000-32492; "Act"),[1] to govern the creation and operation of hospital districts. These public agencies are responsible for establishing, maintaining, and operating health facilities within their territorial limits. (See §§ 32121, 32125;Talley v. Northern San Diego Hosp. Dist. (1953) 41 Cal.2d 33,40; 88 Ops.Cal.Atty.Gen. 91, 93-94 (2005); 88 Ops.Cal.Atty.Gen. 106, 107, fn. 2 (2005); 87 Ops.Cal.Atty.Gen. 92, fn. 1 (2004). A hospital district generally has an elected board of directors composed of five members serving terms of four years each. (§ 32100.)
The question presented for resolution is whether a hospital district may include a provision within a four-year contract with its hospital administrator that allows the administrator to terminate the contract and receive an 18-month severance pay settlement if the district declines at least two years prior to the expiration of the contract to terminate the contract and execute a new four-year contract on the same terms and conditions as the original contract. We conclude that such a contract provision would violate California law.
In general, the officers and employees of a hospital district hold their offices and positions at the pleasure of the district's board of directors. (§ 32121, subd. (h).) However, a district has been given authority to enter into a contract of employment with its hospital administrator. Section 32121.5 provides:
 "Notwithstanding any other provision of this division, a local hospital district may enter into a contract of employment with a hospital administrator, the duration of which shall not exceed four years, but which may periodically be renewed upon expiration for not more than four years."
Here, we have a four-year employment contract executed by a hospital district and its hospital administrator. The proposed contract provision would give the hospital administrator the added security of at least two more years of employment with the district at any given time; the contract could not simply expire at the end of its four-year term without, in effect, the administrator's approval by electing not to receive the cash settlement. Execution of a new contract would give the administrator two years beyond the expiration of the original contract. While both contracts would be for a four-year term, would the proposed provision regarding contract termination and execution of a new contract or, in the alternative, the payment of a cash settlement satisfy the statutory language that the contract "may periodically be renewed upon expiration for not more than four years"?
Preliminarily, we note that the proposed contract terms are occasionally negotiated and employed in private industry. (SeeGaillard v. Natomas Co. (1989) 208 Cal.App.3d 1250, 1256; see also R.J. Cardinal Co. v. Ritchie (1963) 218 Cal.App.2d 124,143.) As for the payment of a cash settlement equal to 18-months severance pay, Government Code section 53260, subdivision (a) states:
 "All contracts of employment between an employee and a local agency employer shall include a provision which provides that regardless of the term of the contract, if the contract is terminated, the maximum cash settlement that an employee may receive shall be an amount equal to the monthly salary of the employee multiplied by the number of months left on the unexpired term of the contract. However, if the unexpired term of the contract is greater than 18 months, the maximum cash settlement shall be an amount equal to the monthly salary of the employee multiplied by 18."[2]
Returning to the language of section 32121.5, we may apply well established rules of statutory construction to determine whether the proposed contract provision would be consistent with California law. "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" (Hunt v. Superior Court (1999)21 Cal.4th 1057, 1063.) "`In determining intent, we look first to the words of the statute, giving the language its usual ordinary meaning.'" (Curle v. Superior Court (2001) 24 Cal.4th 1057, 1063.) We "`"should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage." [Citation.]' [Citation]." (Cooley v. Superior Court (2002)29 Cal.4th 228, 249.)
The critical phrase of section 32121.5 requiring our interpretation is "renewed upon expiration." We view the word "renewed" as conveying its ordinary and usual meaning of "make or do again," "repeat," "obtain an extension of," or "continue in force for a fresh period." (Webster's 3d New Internat. Dict. (2002) p. 1922.) Here, the contract would be subject to renewal at the end of two years, not only at the expiration of the four-year term. But this proposed renewal option would be granted at the wrong time — before the expiration of the contract. "Expiration" commonly means "the fact of coming to an end" or "to reach a close." (Webster's, supra, p. 801.) Renewal is authorized at the time when the contract's four-year term has come to an end, not two years prior to the end of the contract. (See Walsh v. Board of Administration (1992) 4 Cal.App.4th 682,705.)[3]
We note that section 32121.5, allowing contracts of employment of up to four years for hospital administrators, acts as an exception to the general requirement that "[t]he officers and employees shall hold their offices or positions at the pleasure of the boards of retirement." (§ 32121, subd. (h).) As an exception, section 32121.5 is to be construed narrowly. (SeeCity of Lafayette v. East Bay Mun. Util. Dist. (1993)16 Cal.App.4th 1005, 1017; 82 Ops.Cal.Atty.Gen. 90, 98 (1999).) Accordingly, we believe that the grant of authority contained in section 32121.5 may be exercised only in the prescribed mode. (See Wildlife Alive v. Chickering (1976) 18 Cal.3d 190, 196
[`. . . In the grants [of powers] and in the regulation of the mode of exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode . . .']; 79 Ops.Cal.Atty.Gen. 128, 129 (1996).)
Finally, we are directed to construe section 32121.5 in a manner that would not allow circumvention of its statutory purposes. In 82 Ops.Cal.Atty.Gen. 1, 3 (1999), we stated with respect to another health care law:
 ". . . An interpretation is favored that would defeat subterfuges, expediencies, or evasions employed to continue the mischief sought to be remedied by the statute or to defeat compliance with its terms or any attempt to accomplish by indirection what the statute forbids. (Freedland v. Greco (1955) 45 Cal.2d 462, 467; Granberry v. Islay Investments (1984) 161 Cal.App.3d 382, 388.)"
We conclude that a hospital district operating under the Act may not include a provision in a four-year employment contract with its hospital administrator that allows the administrator to resign for "good cause" and receive a cash settlement of 18-months severance pay if the district declines at least two years prior to the expiration of the contract to terminate the contract and execute a new four-year contract on the same terms and conditions as the current contract.
[1] All references hereafter to the Health and Safety Code are by section number only.
[2] Government Code section 53260 does not violate the constitutional prohibitions against gifts of public funds (Cal. Const., art. XVI, § 6 ["The Legislature shall have no power to . . . make any gift or authorize the making of any gift, of any public money or thing of value to any individual . . ."]) and granting extra compensation (Cal. Const., art. XI, § 10, subd. (a) ["A local government body may not grant extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or part, or pay a claim under an agreement made without the authority of law"]). (See Martinv. Santa Clara Unified School Dist. (2002) 142 Cal.App.4th 241,252-254; 73 Ops.Cal.Atty.Gen. 296, 302 (1990); 66 Ops.Cal.Atty.Gen. 13, 15, fn. 4, (1983).)
[3] We have examined the legislative history of section 32121.5 (Stats. 1974, ch. 1278, § 1) and have found it consistent with giving the terms "renewed" and "expiration" their usual and ordinary meanings.