BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE JOHN FELLOWS, CITY PROSECUTING ATTORNEY, CITY OF TORRANCE, has requested an opinion on the following question:
May an adult, non-dependent child of a member of a redevelopment agency purchase real property within the agency's redevelopment project area?
 CONCLUSION
An adult, non-dependent child of a member of a redevelopment agency may purchase real property within the agency's redevelopment project area provided that the member does not obtain a direct or indirect financial interest in the property as a result of the purchase.
 ANALYSIS
The Legislature has adopted a comprehensive scheme, known as the Community Redevelopment Law (Health Saf. Code, §§ 33000-33855),[1] "to protect and promote the sound development and redevelopment of blighted areas and the general welfare of the inhabitants of communities in which they exist. . . ." (§ 33037, subd. (a); see RedevelopmentAgency v. Rados Bros. (2001) 95 Cal.App.4th 309, 314). "There is in each community a public body, corporate and politic, known as the redevelopment agency of the community." (§ 33100; see 82 Ops.Cal.Atty.Gen. 126 (1999).)
The question presented for resolution concerns whether an adult, non-dependent child of a member of a redevelopment agency may purchase property within the agency's redevelopment project area. We conclude that the person may do so as long as the member does not thereby obtain a direct or indirect financial interest in the property.
Each member of a redevelopment agency must comply with the requirements of section 33130, which address potential conflicts of interest. Section 33130 provides in relevant part:
 "(a) No agency or community officer or employee who in the course of his or her duties is required to participate in the formulation of, or to approve plans or policies for, the redevelopment of a project area shall acquire any interest in any property included within a project area within the community. If any such officer or employee owns or has any direct or indirect financial interest in property included within a project area, that officer or employee shall immediately make a written disclosure of that financial interest to the agency and the legislative body and the disclosure shall be entered on the minutes of the agency and the legislative body. Failure to make the disclosure required by this subdivision constitutes misconduct in office.
 "(b) Subdivision (a) does not prohibit any agency or community officer or employee from acquiring an interest in property within the project area for the purpose of participating as an owner or reentering into business pursuant to this part if that officer or employee has owned a substantially equal interest as that being acquired for the three years immediately preceding the selection of the project area.
"(c) . . . . . . . . . . . . . . . . . . . . . . . ."
The apparent purpose of section 33130 is "to prevent conflicts of interest in a member of a redevelopment agency with respect to property within the redevelopment area under the jurisdiction of that agency." (61 Ops.Cal.Atty.Gen. 243, 246-247 (1978).)
Section 33130, subdivision (a), contains mandatory language which makes clear that a redevelopment agency member shall not "acquire any interest in any property included within a project area within the community." (See In re Marriage of Hokanson
(1998) 68 Cal.App.4th 987, 993 [statute's use of the word "shall" connotes mandatory, not permissive, action]; People v. Lockwood
(1998) 66 Cal.App.4th 222, 227 [the word "shall" is mandatory in nature].)[2] However, no similar statutory prohibition is directed at adult, non-dependent children of agency members.
In 61 Ops.Cal.Atty.Gen. 243 (1978), we examined the language of section 33130 in considering whether a bank could purchase property in a redevelopment project area if a member of the redevelopment agency was a director, officer, or shareholder of the bank. The city council had declared itself to be the redevelopment agency (§ 33200); consequently, each council member was subject to the terms of section 33130. We first addressed the issue of what type of "interest" was proscribed by the statute:
 ". . . [S]ection 33130 permits members of the council to retain `any direct or indirect financial interest in such property' which was possessed before gaining membership on the council. It may be concluded that `any interest' in property which may not be acquired after becoming a member of the council includes the concept `indirect financial interest' used in connection with property acquired before becoming a member of the council. Section 33130 distinguishes between what is permitted a member of the council and what is not on the basis of when an interest is acquired, not on the basis of the nature of the interest in property. There is no reason to assume that `any interest in property' in the project area, which may not be acquired while being a member of the council, does not include `any direct or indirect financial interest in such property.'" (Id. at pp. 245-246.)
We then observed with respect to "indirect" interests:
 "Whether being a director, holding an office or owning stock in the bank which leases or purchases property in a redevelopment project area is a prohibited `indirect financial interest' in the property must be determined from the perspective that conflict of interest statutes are interpreted broadly to avoid the possibility of divided loyalty or bias on the part of public officials in executing their responsibilities. [Citation.] Inasmuch as Health and Safety Code section 33130 does not define what are direct and indirect interests in property, it is appropriate to consult definitions or specifications from other conflict of interest statutes for guidance." (Id. at p. 246.)
In our 1978 opinion, we looked for guidance in determining what indirect financial interests would be covered by section 33130; we found such guidance in examining the scope of Government Code section 1090, which prohibits public officers and employees from being "financially interested in any contract made by them in their official capacity," as well as Government Code section87100, which prohibits a public official from using "his official position to influence a government decision in which he knows or has reason to know he has a financial interest." (61 Ops.Cal.Atty.Gen. at p. 246.)
Here, consulting these same conflict-of-interest laws, we find that they do not support a conclusion that section 33130 would be violated solely because a redevelopment agency member's adult, non-dependent child purchased property within the redevelopment project area. Although a parent is deemed to have a remote financial interest for purposes of Government Code section 1090
"in the earnings of his or her minor child for personal services" (Gov. Code, § 1091, subd. (b)(4)), there is no similar determination that a parent has either a direct or indirect interest in the property or earnings of an adult, non-dependent child.[3] And, while a public official must abstain from making governmental decisions under the terms of Government Code section 87100 that will have a material financial effect on the official or his or her "immediate family" (Gov. Code, § 87103), this term includes only the official's "spouse and dependent children" (Gov. Code, § 82029). Accordingly, by analogy to these conflict-of-interest statutes, we find that section 33130 does not generally prohibit an adult, non-dependent child of an agency member from purchasing real property within an agency redevelopment project area.[4]
Of course, each transaction must be viewed in its entirety in determining whether the agency member would be in compliance with the terms of section 33130. Whether the actual purchase is made by the agency member's relative or by anyone else, the avoidance of the statutory prohibition by "subterfuges, expediencies, or evasions," in which the agency member would obtain a direct or indirect financial interest in the property as a result of the purchase, would constitute a violation of the statute. (SeeFreedland v. Greco (1955) 45 Cal.2d 462, 468; Granberry v.Islay Investments (1984) 161 Cal.App.3d 382, 388; 88 Ops.Cal.Atty.Gen. 162, 168 (2005); 82 Ops.Cal.Atty.Gen. 1, 3 (1999); see also Gov. Code, § 87103 [public official has indirect interest in property owned by agent]; People v. Honig (1996)48 Cal.App.4th 289, 315, 333 [public official has financial interest in contract from which circumstances show he may profit].)
We conclude that an adult, non-dependent child of a member of a redevelopment agency may purchase real property within the agency's redevelopment project area provided that the member does not obtain a direct or indirect financial interest in the property as a result of the purchase.
[1] All further references to the Health and Safety Code are by section number only.
[2] The present factual situation does not involve the application of section 33130, subdivision (b), and thus we do not address the scope of subdivision (b) in this opinion.
[3] We have previously determined that the familial relationship between a county supervisor and his brother, an automobile dealer, would not result in a violation of Government Code section 1090 if the brother sold automobiles to the county. In support of this conclusion, we reasoned: "Neither brother has any proprietary `interest' in the financial attainments of the other; neither is entitled to any contribution or support from the other." (28 Ops.Cal.Atty.Gen. 168, 169 (1956).)
[4] Where the property is being sold by the redevelopment agency itself, a different analysis, implicating Government Code section 1090 as well as section 33130, would be required. (See 61 Ops.Cal.Atty.Gen. 243, supra.)